# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1459SI

_____

| | | |
|---|---|---|
| Rick Lee Snow, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Southern District |
| | * | of Iowa. |
| John Ault, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 16, 2000

Filed:   January 9, 2001

_____

Before WOLLMAN, Chief Judge, McMILLIAN and RICHARD S. ARNOLD, Circuit
 Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Rick Lee Snow, an Iowa prisoner, appeals from the District Court's[1] order
dismissing his habeas petition as untimely under the one-year statute of limitations set
forth in 28 U.S.C. § 2244(d)(1).  Snow argues that the District Court erred in failing to
toll the limitations period under § 2244(d)(2) for the 90 days following the denial of his

_____

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the
Southern District of Iowa.

second motion for post-conviction relief, the period within which he could have petitioned the United States Supreme Court for a writ of certiorari.  We affirm.

## I.

On July 31, 1990, Snow's direct criminal appeal affirming his conviction became final.  On July 29, 1993, he filed a motion for state post-conviction relief.  The motion was denied, and Snow filed an appeal, but on February 23, 1996, he voluntarily dismissed his appeal.  On December 23, 1996, he filed a second state post-conviction motion.  This motion was summarily dismissed.  On August 18, 1998, Snow's appeal from the dismissal was denied as frivolous.  On March 15, 1999, he filed the present federal habeas petition.  The District Court dismissed Snow's petition as untimely, and granted a certificate of appealability on the timeliness question.

## II.

We review the District Court's decision de novo.  See Henderson-El v. Maschner, 180 F.3d 984, 985 (8th Cir. 1999).  Title 28 U.S.C. § 2244(d), as added by the Antiterrorism and Effective Death Penalty Act of 1996, establishes a statute of limitations for the filing of habeas petitions by state prisoners.  This section, effective April 24, 1996, includes its own tolling provision and provides, in relevant part, as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . .

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;[2]

* * *

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), this Court held that the running of the statute of limitations for purposes of § 2244(d)(1)(A) is triggered by

either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allotted for filing a petition for the writ.

The Court based this decision on the "well-established body of federal case law that interprets the phrase 'final by the conclusion of direct review' to include an opportunity to seek certiorari." Id.at 347.

For cases such as this one, in which the conviction "became final" before the effective date of the Act, this Circuit has adopted a one-year grace period, beginning

---

[2]Section 2244(d)(1) lists three other alternative events which may trigger the limitations period. It is undisputed that the date of the final judgment is the only applicable provision here.

April 24, 1996, and ending April 24, 1997, for the filing of habeas petitions. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999) (en banc) (grace period begins April 24, 1996); Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) (grace period ends April 24, 1997). The time between April 24, 1996, and December 23, 1996 (243 days) counts against Snow. No proceeding of any kind was pending during that period. If the time started running again on August 18, 1998, when his second post-conviction proceeding was concluded in the state court, the year would expire on December 18, 1998, and his habeas petition would be untimely. But if this one-year period is tolled for the 90 days following August 18, 1998, within which Snow could have filed a petition for a writ of certiorari from the denial of his second post-conviction motion, his habeas petition would be timely. Otherwise, his petition is time-barred.

The State argues that (1) Snow's second post-conviction motion was not a "properly filed" one because it was subject to dismissal as a successive motion under Iowa law; and (2) even if it were "properly filed," it was "pending" only until his appeal from the denial of the second motion was final in the state system.

## III.

The State's first argument is foreclosed by the Supreme Court's recent decision in Artuz v. Bennett, No. 99-1238 (U. S. Nov. 7, 2000), 2000 WL 1663653. The Court there explained that the term "properly filed" merely means that the application for post-conviction relief had been delivered and accepted for filing "in compliance with the applicable laws and rules governing filings."

The second issue — whether the limitations period is tolled for the 90 days during which certiorari could have been sought — is one of first impression in this

Circuit.[3] We now join those circuits that have considered the matter and concluded that § 2244(d)(2) does not toll the statute of limitations for this 90-day period. See Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000); Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert denied, 120 S. Ct. 808 (2000); see also Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

We reach this conclusion for two reasons. First, unlike § 2244(d)(1)(A), which uses the phrase "became final by . . . expiration of the time for seeking [direct] . . . review," a phrase that, as explained in Smith v. Bowersox, 159 F.3d at 348, takes into account certiorari proceedings, § 2244(d)(2) contains no such language. " '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion and exclusion.' " Bates v. United States, 522 U.S. 23, 29-30 (1997) (quoted case omitted).

Second, this result comports with the requirement that a state prisoner exhaust state remedies before filing a federal habeas petition. Such exhaustion does not include seeking certiorari from the state court's denial of post-conviction relief. Rhine v. Boone, 182 F.3d at 1156. In sum, we conclude that the District Court correctly dismissed Snow's habeas petition as time-barred.

Accordingly, we affirm.

---

[3]This issue was specifically left open in Peterson v. Gammon, 200 F.3d 1202, 1205 (8th Cir. 2000).

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.