In the
United States Court of Appeals
For the Seventh Circuit

No. 98-1894

Darnell Tinker,

Petitioner-Appellant,

v.

Craig Hanks,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 1:97 CV 230 AS--Allen Sharp, Judge.

Submitted June 13, 2001--Decided June 28, 2001

Before Posner, Easterbrook, and Kanne,
Circuit Judges.

Posner, Circuit Judge.  A state prisoner who seeks federal habeas corpus relief must with immaterial exceptions institute his habeas corpus proceeding within a year of when his conviction became final. 28 U.S.C. sec. 2244(d)(1)(A). But this period is tolled while "a properly filed application" for state postconviction review is pending. sec. 2244(d)(2). When last this case was before us, we held that an application for permission to file a second state postconviction proceeding is not a "properly filed application" for state postconviction relief, and so the district court was correct to hold that the petitioner's federal habeas corpus proceeding was untimely. 172 F.3d 990 (7th Cir. 1999). The Supreme Court vacated our decision and remanded the case to us for further consideration in light of Artuz v. Bennett, 121 S. Ct. 361 (2000). 121 S. Ct. 476 (2000).

Artuz holds that an application for state postconviction relief is "properly filed" even if there are good defenses to it, the requisite propriety having to do not with the merits of the application but with whether it conforms to purely formal requirements such as "the form of the document, the time limits upon its

delivery, the court and office in which it must be lodged, and the requisite filing fee," id. at 364 (footnote omitted)--but also "preconditions imposed on particular abusive filers." The Court illustrated by quoting with pregnant emphases 28 U.S.C. sec. 2244(b)(3)(A), a model prefiling provision: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 121 S. Ct. at 364 (emphases in original). And elsewhere the Court's opinion remarks "a condition to filing, as opposed to a condition to obtaining relief." Id. at 365.

This case involves the former, a filing precondition, rather than the latter, a relief precondition. To prevent abusive repetitive filings by its prisoners, Indiana courts, much like federal courts by virtue of section 2244(b)(3)(A), quoted in the preceding paragraph, require the would-be applicant for postconviction relief to ask leave of court to file a second or other successive application for postconviction relief. Ind. Post-Conviction R. 1(12); Indiana ex rel. Woodford v. Marion Superior Court, 655 N.E.2d 63, 65-66 (Ind. 1995). That is a prefiling requirement. It is the nonpecuniary equivalent of a stiff filing fee--an alternative of limited utility in dealing with prisoners. Our decision conforms to the Supreme Court's ruling, and we therefore reinstate it.