# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1155

_____

Sherman Noble,

        Appellant,

v.

Larry Norris, Director, Arkansas
Department of Correction,

        Appellee.

\* \* \* \* \* Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: June 28, 2001
Filed: July 13, 2001

_____

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Sherman Noble appeals the District Court's dismissal of his 28 U.S.C. § 2254 petition. The District Court concluded that Noble had procedurally defaulted five of the six claims he presented in his petition. We agree, and affirm the dismissal of these five claims. See 8th Cir. R. 47B.

The District Court determined that Noble's sixth claim, ineffective assistance of counsel founded in counsel's failure to preserve Noble's right to appeal the denial of

a motion to suppress, was not procedurally defaulted. The Court dismissed it, however, concluding that Noble's § 2254 petition was untimely.

Subsequently developed case law has rendered the court's conclusion incorrect because Noble had a "properly filed" postconviction petition pending in state court from February 1996 through June 11, 1998. See 28 U.S.C. § 2244(d)(2) (Supp. IV 1998) ("properly filed application for State post-conviction or other collateral review" tolls limitations period); Artuz v. Bennett, 121 S. Ct. 361, 363-65 (2000) (defining "properly filed"); Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir.) (applying 28 U.S.C. § 2244(d) definition in concluding that second postconviction motion in state court, subject to dismissal as successive under state law, was nonetheless "properly filed"), cert. denied, 121 S. Ct. 1663 (2001). As such, his June 10, 1999 § 2254 petition was timely.

We therefore remand this case to the District Court for consideration of the ineffective-assistance claim on the merits. See Burns v. Gammon, 173 F.3d 1089, 1094 (8th Cir. 1999). The judgment of the District Court is affirmed in all other respects. Noble's motion to supplement the appellate record with the documents he has tendered is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.