UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RICHARD H. ATKINSON,

*Petitioner-Appellant,*

v.

RONALD J. ANGELONE, Director,
VDOC,

*Respondent-Appellee.*

No. 00-6187

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-1481-AM)

Argued: October 31, 2000

Decided: September 6, 2001

Before TRAXLER and KING, Circuit Judges, and
Alexander WILLIAMS, Jr., United States District Judge
for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** David Bernard Hargett, MORRISSEY & HERSHNER,
P.L.C., Richmond, Virginia, for Appellant. Leah Ann Darron, Assis-
tant Attorney General, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellee. **ON BRIEF:** Mark L. Earley,
Attorney General of Virginia, OFFICE OF THE ATTORNEY GEN-
ERAL, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant, Richard H. Atkinson, appeals an order by the district court dismissing as untimely Appellant's petition for habeas corpus filed under 28 U.S.C. § 2254. We affirm the order of the district court.

I

Appellant, Richard H. Atkinson, was convicted on October 2, 1996 for six counts of malicious wounding and malicious bodily injury in the Circuit Court of the city of Richmond, Virginia. The Virginia Supreme Court denied his direct appeal on October 28, 1997. The ninety-day period in which to appeal the Virginia Supreme Court's denial to the United States Supreme Court expired on January 26, l998. On October 22, l998, Appellant filed a state petition for writ of habeas corpus in the Virginia Supreme Court. On March 19, l999, the Virginia Supreme Court dismissed the state petition.

More than five months later, on September 7, l999, Appellant filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Virginia (Alexandria Division). After tolling the limitation period from October 22, 1998 to March 19, l999 which included the period from the filing of the state petition for habeas corpus through its denial by the Virginia Supreme Court, the district court concluded that the petition was filed over thirteen months since expiration of Appellant's opportunity to appeal his conviction to the United States Supreme Court, or January 26, l998. Accordingly, the district court dismissed Appellant's petition as untimely in accordance with the one year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of l996 (AEDPA).

## II

The sole issue presented by this appeal is whether the one year AEDPA time limitation is tolled by the ninety-day certiorari period following the state court's dismissal of Appellant's state petition for a writ of habeas corpus, when Appellant did not petition for certiorari to the United States Supreme Court. Resolution of this issue entails the construction of a statute, hence it is a question of law which we review *de novo*.

The relevant provisions of the AEDPA, 28 U.S.C. § 2244, provide that:

> (d)(1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .

> (2) the time during which a properly filed application for *State post-conviction or other collateral review* with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (1994) (emphasis added). Thus, the AEDPA, as set forth under its provisions, limits requests for federal collateral review of state convictions to one year. The limitation period begins to run upon the later of (1) the date on which the judgment became final by the conclusion of direct review or (2) the expiration of time available to seek direct review of the judgment. However, the statute provides that the statute of limitations is tolled during the pendency of a properly filed application for "State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). It is upon this phrase in § 2244(d)(2) where the dispute centers.

Appellant, Atkinson, argues that "State post-conviction" refers only to state post-conviction review while "other collateral review" includes the prisoner's right to seek United States Supreme Court review after the state's highest supreme court had denied him relief. Appellee counters that the word "State" modifies both phrases, meaning that "other collateral review" encompasses all forms of state review only. The parties do not dispute that if Appellant's interpretation of § 2244(d)(2) is adopted, his habeas corpus petition to federal district court would have been timely because the limitation period would have been tolled an additional ninety (90) days from the Virginia Supreme Court's dismissal on March 19, l999 during which time he could have sought certiorari to the United States Supreme Court. On the other hand, if the tolling allowance of § 2244(d)(2) is construed to apply only to state proceedings, Appellant's federal petition was untimely.

### III

Although this Circuit had not addressed the precise issue in this case at the time of argument, Appellant, nevertheless, was confronted with almost insuperable odds. Every Circuit which has considered the issue of whether the one-year limitation period under § 2244(d)(2) included the time in which a defendant could have sought certiorari to the United States Supreme Court answered it in the negative. *See Bunny v. Mitchell*, 241 F.3d 1151, 1156 (9th Cir. 2001); *Snow v. Ault*, 238 F.3d 1033 (8th Cir. 2001); *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000); *Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000); *Jones v. Morton*, l95 F.3d 153, 158 (3rd Cir. l999); *Ott v. Johnson*, 192 F.3d 510, 512-13 (5th Cir. 1999); *Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999). The only Circuit which had reached a contrary decision was the Second circuit which held that a federal habeas petition, properly filed under § 2244(d)(2) and pending in the district court tolled the limitation period. *See Walker v. Artuz*, 208 F.3d 357 (2nd Cir. 2000), *rev'd, Duncan v. Walker*, ___ U.S. ___, 121 S. Ct. 2120 (2001).

Walker has now been reversed by the United States Supreme Court. In *Duncan*, the Supreme Court adopted the interpretation now posited by the Appellee and held that the phrase "other collateral review" does not include federal relief. 121 S. Ct. at 2126-27. On the

contrary, the Court opined that the wording of § 2244(d)(2) "State" modifies both the phrase "post-conviction review" as well as the phrase "other collateral review." *Id.* at 2126-27. Meanwhile, in *Crawley v. Cato*, ___ F.3d ___, No. 00-6594, 2001 WL 797767 at *4 (4th Cir. July 16, 2001), this Circuit recently addressed the issue and has determined that the one-year limitation period under § 2244(d)(2) is only tolled during the pendency of state proceedings and does not include the time in which a defendant could have sought certiorari to the United States Supreme Court. Accordingly, the limitation period under the statute was not tolled in this case during the period that Appellant could have filed a petition for a writ of certiorari in the United States Supreme Court.

IV

A review of the record indicates that Appellant had one year, or until January 26, 1999, to file his federal habeas corpus petition plus any tolling period during the pendency of a properly filed application for state post-conviction or other collateral review. On October 22, 1998, some eight (8) months and twenty-six (26) days after the one year period commenced, Appellant properly filed for post-conviction relief, thereby tolling the period. The request for post-conviction relief was denied on March 19, 1999 and the one-year limitation period (of which nearly nine (9) months had already elapsed) resumed running. After excluding the tolling period, Appellant had approximately an additional ninety (90) days, or until on or about June 17, 1999, to file his § 2254 petition in federal court. The petition for federal habeas corpus relief was not filed until September 7, 1999 which was beyond the one (1) year limitation period under AEDPA.

Because Appellant did not file his petition under § 2254 within one year (excluding the tolling period for his properly filed application for post-conviction relief) his petition was untimely.

V

For the foregoing reasons, we affirm the district court's order dismissing the petition for habeas corpus as untimely.

*AFFIRMED*