In the
United States Court of Appeals
For the Seventh Circuit

Nos. 01-1888 & 01-1889

United States of America ex rel.

Clayborn Smith, Jr.,

Petitioner-Appellant,

v.

Jonathan R. Walls, Warden,
Menard Correctional Center,

Respondent-Appellee.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1814--Elaine E. Bucklo, Judge.

Submitted November 21, 2001--Decided January 7, 2002


   Before Posner, Manion, and Rovner, Circuit
Judges.

   Per Curiam.  Clayborn Smith, an Illinois
state prisoner serving a life sentence
for first-degree murder, brought a
petition for a writ of habeas corpus
under 28 U.S.C. sec. 2254. The district
court dismissed his petition, finding
that it was barred by the one-year
statute of limitations under the
Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA). The district court,
however, granted Smith a certificate of
appealability to address whether, in
light of Artuz v. Bennett, 531 U.S. 4
(2000), a post-conviction petition
dismissed by the Illinois courts as
successive is nevertheless "properly
filed" for purposes of tolling the one-
year limitation period. Because we
conclude that it is, we vacate the
judgment and remand the case to the
district court for further proceedings.

I.
   On May 20, 1994, Smith was convicted of
murdering his great aunt and grandfather.
The Illinois appellate court affirmed his
conviction on October 28, 1996. He then
petitioned the Illinois Supreme Court for
leave to appeal. The Illinois Supreme

Court denied this petition on December 3, 1997. Smith then petitioned the United States Supreme Court for a writ of certiorari. The Court denied that petition on May 18, 1998, and so Smith's conviction became final on that date. See 28 U.S.C. sec. 2244(d)(1)(A); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998).

On March 19, 1997, while his direct appeal was still pending, Smith filed a pro se petition for post-conviction relief under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, et seq. The petition was skeletal. In it Smith alleged that he was denied effective assistance of trial and appellate counsel, denied his right to trial counsel after being formally charged, and denied his right to a fair trial, but he did not state any factual basis for those claims or attach any exhibits. He did attach, however, a motion for extension of time to file "post-conviction and attached exhibits due 4-28-97." In that motion he claimed that the prison was on lockdown and that he needed proof of a court deadline to gain access to the law library and complete the preparation of his petition. On May 21, 1997, he mailed a second petition stating that "[t]his is Petitioner's petition he requested time to file on or about March 1997." This lengthy petition elaborated on the claims alleged in his first petition and included supporting exhibits. This second petition was file-stamped by the court June 3, 1997.

But just a few days before, on May 30, 1997, the circuit court had dismissed Smith's first petition as frivolous for failing to assert any factual basis for his claims or to attach any supporting documentation. The court did not mention Smith's motion for extension of time when dismissing the petition. Then, on June 20, 1997, the circuit court summarily dismissed Smith's second petition as successive. Smith asked the court to vacate its judgment and reinstate the petition, but the court denied his request on July 16, 1997. Smith then appealed the dismissal of his second petition to the Illinois appellate court, arguing that his second petition was not successive because it sought merely to amend the initial petition, as

demonstrated by his request for extension of time. On April 30, 1999, the appellate court affirmed the dismissal of the petition, and denied rehearing on June 28, 1999. Smith then petitioned the Illinois Supreme Court for leave to appeal, but the court denied leave on December 1, 1999.

On March 24, 2000, Smith filed his petition for federal habeas corpus, which the state moved to dismiss as time-barred under AEDPA. On November 6, 2000, the district court denied the state's motion because the state court's dismissal of Smith's second post-conviction petition as successive did not rest on an independent and adequate state law ground; according to the district court, the state court's dismissal of the petition on procedural grounds failed to consider whether the second petition constituted an amendment or was otherwise proper. The district court went on to conclude that the second petition did amend the original petition and thus was not an impermissible successive petition, and so its filing tolled the statute of limitations for federal habeas corpus relief. On reconsideration, however, the district court dismissed the petition as untimely. Relying on our decision in Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000), the court concluded that the state court had in fact based its decision on an adequate state ground because Illinois courts do "consistently and frequently" apply a procedural bar against successive post-conviction petitions. Because the Illinois appellate court had held that Smith's amended petition was procedurally barred as successive, it was not "properly filed" and so its filing did not toll the statute of limitations.

II.

A state prisoner seeking federal habeas corpus relief must file a petition within a year of when his or her conviction became final. 28 U.S.C. sec. 2244(d)(1)(A). Smith's conviction became final on May 18, 1998, and he therefore had until May 18, 1999 to file his petition for federal habeas corpus. He did not file it until March 2000. Thus his petition is timely only if the one-year limitation period was tolled while his second post-conviction petition was

pending.

Only a "properly filed" application for state post-conviction review will toll the one-year limitation period. 28 U.S.C. sec. 2244(d)(2); Rice v. Bowen, 264 F.3d 698, 700 (7th Cir. 2001). In its November 6, 2000 order (and again on reconsideration), the district court reasoned that if the state courts treated the petition as successive and rejected it on procedural grounds without first reaching the merits, then the petition was not "properly filed." See Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). But on November 7, 2000, the United States Supreme Court decided Artuz v. Bennett, 531 U.S. 4 (2000), in which it defined "properly filed" within the meaning of AEDPA. The Court held that whether an application for state post-conviction relief is "properly filed" depends not on the merits of the application but rather on its compliance with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. at 8. Thus an application is "properly filed" when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings" regardless of whether the state court later dismissed it as procedurally barred. Id. at 8-10.

Since the Court decided Artuz, we have not been presented with the precise question here: whether a successive Illinois post-conviction petition may be "properly filed" for purposes of AEDPA even though it contained claims that were procedurally barred by Illinois law. We have recently addressed the question whether an application for leave to file a successive post-conviction proceeding in Indiana was a "properly filed" application for state post-conviction relief, and held that it was not. See Tinker v. Hanks, 255 F.3d 444, 445-46 (7th Cir. 2001). Our holding in Tinker turned on the fact that Indiana requires a would-be applicant for post-conviction relief to ask the appellate court for leave before a successive petition may be filed. See Ind. Post-Conviction R.1 (12). If that "filing precondition" is not met, we explained, the petition is not "properly filed." Tinker, 255 F.3d at 445-46. But unlike Tinker this case does

not involve a filing precondition. Although both Indiana and Illinois envisage that only one post-conviction petition will be filed, see People v. Jones, 191 Ill.2d 194, 198 (Ill. 2000), Illinois does not require that a state prisoner obtain leave of court before filing a second or otherwise successive petition, see 725 ILCS 5/122-1.

Like Artuz this case involves a condition for obtaining relief. The New York statutes that barred the prisoner's successive petition in Artuz required the denial of petitions raising claims "previously determined on the merits" or claims "that could have been raised on direct appeal but were not." 531 U.S. at 10-11. The Court concluded that those statutes did not "purport[ ] to set forth a condition to filing, as opposed to a condition to obtaining relief." Id. at 11. The Illinois Post-Conviction Hearing Act similarly limits the circumstances under which a successive petition's claims may be considered on the merits, by providing that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3. As a result, an Illinois prisoner "faces a daunting procedural hurdle when bringing a successive post-conviction petition," Jones, 191 Ill.2d at 198, though this procedural hurdle can be surmounted if the proceedings on the initial petition were "deficient in some fundamental way." People v. Flores, 153 Ill.2d 264, 273-74 (Ill. 1992). As with the New York statutes in Artuz, successive petitions in Illinois that fail to satisfy these conditions to relief "will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met." Artuz, 531 U.S. at 11; see also Hardy v. Sec'y for the Dep't. of Corr., 246 F.3d 1300, 1301-02 (11th Cir. 2001) (petition denied as successive under state law may be properly filed if it met state's filing conditions); Dictado v. Ducharme, 244 F.3d 724, 726-27 (9th Cir. 2001) (petition dismissed under state statute barring successive petitions unless "good cause" is shown for not raising claims earlier may be properly filed); Emerson v. Johnson, 243 F.3d 931, 934-35 (5th Cir. 2001) (state habeas petitioner's motion for reconsideration may be properly filed

despite state statute barring such motions); Snow v. Ault, 238 F.3d 1033, 1034-35 (8th Cir. 2001) (petition denied as successive under state law may be properly filed).

Because Illinois does not impose any filing preconditions for successive petitions, a successive petition that is later dismissed as procedurally barred is "properly filed" as long as it conforms to Illinois' formal filing requirements. Here Smith's second post-conviction petition satisfied those requirements, as reflected by the court's acceptance of the petition and the docket sheet notation that the petition was "filed." The second petition therefore tolled the one-year statute of limitations until December 1, 1999, the date when the Illinois Supreme Court denied leave to appeal the dismissal of that petition. See Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000) (concluding that statute of limitations is not tolled under sec. 2244(d)(2) for the 90-day period during which certiorari could have been sought from the denial of state post-conviction relief). Because Smith filed his sec. 2254 petition on March 24, 2000, within a year of the state supreme court's denial of leave to appeal, the petition was timely. We therefore VACATE the judgment of the district court and REMAND the case to the district court for further proceedings.