**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES JEFFREY MCMILLIAN,

Petitioner-Appellant,

v.

TONY CAROCHI, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 05-1393
(D.C. No. 05-cv-985-ZLW)
(Colorado)

**ORDER AND JUDGMENT**

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Charles Jeffrey McMillian, a Colorado state prisoner appearing *pro se*, filed

this application for a certificate of appealability (COA), *see* 28 U.S.C. §

2253(c)(1)(A), seeking to challenge the district court's *sua sponte* dismissal of his

28 U.S.C. § 2254 habeas petition as untimely.[1]  He also seeks leave to proceed *in*

*forma pauperis* (*ifp*) on appeal.

Where the district court dismisses a petition on procedural grounds, the

inmate must show in his application for a COA "that it is reasonably debatable

---

[1] Because he is proceeding *pro se*, we review Mr. McMillian's pleadings
and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct." *Dulworth v. Evans*, 442 F.3d 1265 (10th Cir. 2006), (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Because we conclude that the basis for the district court's procedural ruling is not correct and a quick review of Mr. McMillian's claims on the merits satisfies the first prong, we grant his applications for a COA and *ifp* status, vacate the district court's judgment, and remand for further proceedings.

Mr. McMillian pled guilty in Colorado state court to charges of conspiracy to commit first-degree murder, retaliation against a witness, second-degree murder, and aggravated motor vehicle theft. Prior to sentencing, he filed a motion under Rule 32(d) of the Colorado Rules of Criminal Procedure to withdraw his guilty plea. That motion was denied and he was sentenced to sixty-four years imprisonment. The Colorado Court of Appeals affirmed, and on May 22, 1997, the Colorado Supreme Court denied certiorari review. The period of time before which a conviction becomes final continues "until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. McMillian's conviction thus became final on August 22, 1997.

Before his conviction became final, Mr. McMillian filed a motion for postconviction relief pursuant to Rule 35 of the Colorado Rules of Criminal

Procedure on May 22, 1997. That motion was denied on February 18, 1998, and Mr. McMillian's appeal of that denial was dismissed by the Colorado Court of Appeals on April 15, 1999. The Colorado Supreme Court subsequently denied his petition for a writ of certiorari on September 27, 1999.

Mr. McMillian then filed a second Rule 35 motion for postconviction relief on April 17, 2000. It was denied and Mr. McMillian's appeal of that denial was dismissed by the Colorado Court of Appeals. The Colorado Supreme Court subsequently denied his petition for a writ of certiorari on April 25, 2005. Mr. McMillian filed the present § 2254 habeas petition on May 31, 2005. The district court dismissed his petition as untimely.

A one-year period of limitation applies to an application for a federal writ of habeas corpus and begins to run from the latest of "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As we have shown above, Mr. McMillian's conviction became final on August 22, 1997. The district court's determination that his conviction "became final prior to April 24, 1996" is therefore incorrect.

Absent any tolling of the limitation period, Mr. McMillian would have had until August 22, 1998 to file a habeas corpus petition in federal court, and his petition of May 31, 2005 would have been untimely. Mr. McMillian filed two state motions for postconviction relief. The first was pending from May 30, 1997

until September 27, 1999, and the second was pending from April 17, 2000 until April 25, 2005. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Mr. McMillian's first motion for post-conviction relief was filed prior to his judgment becoming final, the one-year limitation period did not start to run until September 27, 1999. Thus, absent his second motion for postconviction relief, Mr. McMillian had until September 27, 2000 to file his habeas petition.

Instead, on April 17, 2000, six months and nineteen days after the Colorado Supreme Court denied his request for a writ of certiorari as to his first motion, Mr. McMillian filed a timely second motion for postconviction relief.[2] Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s

---

[2] The United States Supreme Court has held that time limits for filing state motions for postconviction relief are to be considered "filing conditions" when determining whether a state motion was "properly filed" so as to toll 28 U.S.C. § 2244(d)(2)'s one-year limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Accordingly, a state postconviction motion rejected by the state court as untimely is not "properly filed" and does not toll the limitation period. *Id.* at 410. In the present case, the trial court dismissed Mr. McMillian's second motion for postconviction relief as successive and untimely. Rec. at 63, 6-12 The Colorado Court of Appeals affirmed, but not on the grounds that Mr. McMillian's motion was untimely. Rather, the court of appeals affirmed solely on the grounds that the motion was successive. Our review of the record suggests the motion was timely filed within Colorado's three-year statute of limitation for collateral attack on a trial court's judgment. COLO. REV. STAT. § 16-5-402(1) (2006). Thus, the Supreme Court's holding in *Pace* does not apply to this case.

-4-

one-year limitation period as long as they were otherwise "properly filed." *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-12 (10th Cir. 2000). *See also Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1284 (11th Cir. 2002); *Smith v. Walls*, 276 F.3d 340, 342 (7th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 779 (6th Cir. 2002); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *Villegas v. Johnson*, 184 F.3d 467, 469-70 (5th Cir. 1999); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3d Cir. 1998). Thus, Mr. McMillian's motion tolled the one-year period of limitation until April 25, 2005, the date on which the Colorado Supreme Court denied his request for a writ of certiorari, at which point the limitation period began to run once again.

Mr. McMillian filed the present habeas petition on May 31, 2005, one month and six days from April 25, 2005, the date on which his second motion for postconviction relief was no longer pending. Adding together that one month and six days to the six months and nineteen days between motions for postconviction relief, it appears that when he filed the present habeas petition, Mr. McMillan had as much as four months and five days left on the one-year limitations period. The district court erred in ruling that his § 2254 petition was untimely.

Accordingly, we **GRANT** Mr. McMillian's application for a COA on the question of the timeliness of his § 2254 petition as well as his request to proceed

*ifp*. We **VACATE** the judgment of the district court dismissing Mr. McMillian's petition and **REMAND** for further proceedings consistent with this opinion.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3]In light of our remand of Mr. McMillian's case, the district court should consider in the first instance Mr.McMillian's request to supplement his § 2254 petition. Mr.McMillian's motion on appeal, filed on May 9, 2006, is therefore **DENIED**.