In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3118

JUAN MARTINEZ,

*Petitioner-Appellant,*

*v.*

EDDIE JONES,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 338—**Elaine E. Bucklo**, *Judge.*

SUBMITTED DECEMBER 5, 2008—DECIDED FEBRUARY 19, 2009

Before EASTERBROOK, *Chief Judge*, and KANNE and WOOD, *Circuit Judges.*

PER CURIAM. Juan Martinez challenged his felony-murder conviction in a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court denied Martinez's petition as untimely. Martinez appeals. We write to acknowledge a change in Illinois procedural rules that abrogates our decision in *Smith v. Walls*, 276 F.3d 340, 344-45 (7th Cir. 2002).

In July 2001, a jury convicted Martinez of felony murder, home invasion, and residential burglary; the trial court sentenced him to a total of 30 years' imprisonment. On direct appeal the court vacated Martinez's conviction for home invasion but affirmed his conviction for felony murder and his sentence. *People v. Martinez*, 795 N.E.2d 870 (Ill. App. Ct. 2003). The Illinois Supreme Court denied Martinez leave to further appeal his case on January 28, 2004, and, had he not filed a collateral attack in state court, his conviction would have become final ninety days later. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (holding that, for purposes of § 2244(d)(1)(A), a conviction becomes final when the time to file a petition for certiorari review expires). In August 2003, however, Martinez filed a petition for a writ of habeas corpus in state court, tolling the limitations period. *See* 725 Ill. Comp. Stat. 5/122-1; § 2244(d)(2). On October 20, 2003, the state court denied Martinez's petition, and Martinez withdrew his appeal from that decision on February 10, 2005.

Martinez had one year from the time that the judgment in his state post-conviction proceedings became final on February 10, 2005, to file a petition in federal court. § 2244(d)(1)(A). But, instead of pursuing his remedies in federal court, Martinez filed a second petition for post-conviction relief in the state court on September 29, 2005. One month later, the state court construed Martinez's petition as a request for permission to file a successive collateral attack and denied it. 725 Ill. Comp. Stat. 5/122-1(f). Then, on December 27, 2006, Martinez filed his § 2254 petition in the district court. After the district court

denied Martinez's motion as untimely, Martinez appealed. We construe his appeal as an application for a certificate of appealability.

A properly filed petition for postconviction relief in state court tolls the one-year statute of limitations for filing a § 2254 petition. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Martinez argues that his § 2254 petition is not untimely because his successive petition for postconviction relief tolled his federal statute of limitations. But we have clearly held that where state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. *See Tinker v. Hanks*, 255 F.3d 444, 445-46 (7th Cir. 2001). Instead the second petition tolls the limitations period only if the state court grants permission to file it. *See Artuz*, 531 U.S. at 9-10; *see also Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (holding that "[i]f a petitioner complies with . . . [the] procedural requirements the state imposes, his petition, even a second or successive petition, is 'a properly filed application' for purposes of § 2244(d)(2)").

Six years ago, we held that in Illinois a successive postconviction petition tolled the statute of limitations because, at that time, Illinois did not require a state prisoner to obtain permission to file a successive petition. *See Smith v. Walls*, 276 F.3d 340, 344-45 (7th Cir. 2002). However, on January 1, 2004, the Illinois legislature changed its laws. Now a petitioner must request permission from the court before filing a successive postconviction petition. *See* 725 ILL. COMP. STAT. 5/122-1(f); *see also*

*People v. DeBerry*, 868 N.E.2d 382, 384 (Ill. App. 2007); *People v. Brockman*, 843 N.E.2d 407, 414-15 (Ill. App. 2006). We take this opportunity to clarify that the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted. *See Tinker*, 255 F.3d at 445-46.

Because Martinez was denied permission to file a successive petition, his request was not a properly filed postconviction action. Thus it did not toll the limitations period under § 2244(d)(2), and his petition for a writ of habeas corpus in the district court was untimely. Accordingly, we find no substantial question for appeal, and we deny his application. *See* § 2253(c)(2).