Jerry A. BONDS Jr., Petitioner,

v.

SUPERINTENDENT, Respondent.

Case No. 3:08–CV–320 AS.

United States District Court,
N.D. Indiana.

June 3, 2009.

Jerry A. Bonds Jr., Michigan City, IN, pro se.

## OPINION AND ORDER

ALLEN SHARP, District Judge.

Jerry A. Bonds Jr., a *pro se* prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 attempting to challenge his 1998 plea-based conviction and sentence in Marion County Superior Court case number 49G01–9708–CF–116824. The only ground for relief that Bonds presents is the alleged denial of effective assistance of trial counsel for failure to file a motion to suppress Bonds's confession; he claims the confession stemmed from an illegal arrest. (Habeas Petition, DE # 1 at 6).

Habeas Corpus petitions are subject to a one-year statute of limitations.

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Bonds pled guilty of murder and conspiracy to commit robbery in connection with the July 30, 1997, robbery and murder of Jung Young, the proprietor of a retail store. After his arrest Bonds endured a six-hour interrogation during which he confessed his guilt to "robbery/murder" charges. Bonds maintains his trial attorney knew or should have known the confession was inadmissible. Nevertheless, Bonds alleges his trial attorney advised him to plead guilty to murder and conspiracy to commit robbery. He suggests the prosecutor's threat to admit the confession at trial also factored into the decision to waive trial. The same attorney who represented him at trial handled his direct appeal raising sentence issues only. In post-conviction proceedings Bonds claimed his plea was involuntary and trial counsel was ineffective. (DE 1 at 6–8).

Despite his 1998 conviction and sentence dates, Bonds insists the one–year statute of limitations in this case started on February 16, 2007. (DE # 1–2, at 8–9). For this proposition Bonds rests upon the date he learned about the existence of the probable cause affidavit issued in support of a search warrant for his residence to seek a handgun and certain clothing, articles presumably associated with the crime. Following his unsuccessful direct appeal and post-conviction proceedings, on April 1, 2006, Bonds obtained his trial counsel's work product file, which contained a copy of the search warrant and underlying affidavit. Apparently the state court file does not contain a copy of either the search warrant or supporting affidavit. Bonds's post-conviction counsel signed an affidavit attesting that, when she represented Bonds, she did not know of any problems with his arrest, although she had spoken with trial counsel and had access to his work file. Since becoming aware of the salient facts, post-conviction counsel now believes Bonds's illegal arrest claim has merit. (DE at 12). Under the circumstances, Bonds maintains the affidavit is newly-discovered evidence. Consequently, he contends the one-year deadline to file the habeas petition is governed by § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

But, Bonds's reliance upon this section is misplaced. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence," not when the prisoner actually discovers it. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate," not recognition of the facts' legal significance. Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or

through diligence could discover) the important facts. While the affidavit may not have been in the court file, defense counsel had a copy of it. Bonds implies trial counsel declined to raise the issue of his own mistake on direct appeal. Even if the Court accepts that proposition, however, post-conviction counsel had her predecessor's work product file and also discussed the case with him. Nothing in the record suggests why, with due diligence, she could not have found the search warrant and affidavit.

Moreover, the grounds upon which Bonds relies are "abstract proposition[s] of law." As such they are not newly-discovered evidence for purposes of subparagraph (D). In *Lo v. Endicott*, 506 F.3d 572 (7th Cir.2007), the Court of Appeals affirmed that the "factual predicate" necessary to come under 28 U.S.C. § 2244(d)(1)(D)'s mantle of newly—discovered evidence must be "subject to proof or disproof like any other factual issue." (citations omitted). Bonds essentially argues the search warrant and affidavit establish the police lacked probable cause to arrest him, because nothing was taken during the search. As a result, Bond contends the alleged lack of probable cause rendered his warrantless arrest illegal.

Bonds does not allege he did not know the police did not have a warrant when they arrested him or that when the police searched his residence no evidence of a crime was found. Bonds merely explains that he did not understand the legal significance of facts that were available to him. This lack of understanding does not cause the facts to be newly-discovered, merely newly understood. Since the evidence the police did not take anything when they searched Bonds's house was available, it could have been discovered with due diligence. Therefore subparagraph D does not apply.

■ If (D) does not apply then Bonds's petition must be dismissed as untimely because neither (B) nor (C) govern as he does not allege a newly-recognized constitutional right or that he was physically prevented from filing this *habeas corpus* petition sooner. Consequently, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1–year clock started on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." Here, Bonds pled guilty and therefore his conviction became final on July 31, 1998. Under § 2244(d)(1)(A) the one-year deadline to file a habeas petition ended July 31, 1999.[1]

■ Bonds did not sign this petition until more than eight years later on July 2, 2008. Though Bonds filed a petition for post-conviction review, he did not do so until November 20, 2001, that did not toll the period of limitation pursuant to 28 U.S.C. § 2244(d)(2) because by then, the time for filing a *habeas corpus* petition had long since expired. Since the Indiana Court of Appeals denied Bonds leave to file a successive post-conviction relief petition, it was never a properly pending collateral attack. *Juan Martinez v. Eddie Jones*, 556 F.3d 637 (7th Cir.2009); *See also Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir.2005)("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under 2244(d)(2).")

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss

---

1. In general, a defendant may not challenge a guilty plea through direct appeal. *Tumulty v. State*, 666 N.E.2d 394 (Ind.1996). Rather, a defendant who pleads guilty may challenge the plea and conviction in a petition for post-conviction relief. *Crain v. State*, 261 Ind. 272, 301 N.E.2d 751 (Ind.1973).

the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the habeas corpus petition is **DISMISSED** as untimely.

**IT IS SO ORDERED.**