# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2730

_____

Mark Christeson,

*Petitioner - Appellant,*

v.

Don Roper,

*Respondent - Appellee.*

------------------------------

American Bar Association; Roderick and Solange MacArthur Justice Center;
National Associate for Public Defense; National Legal Aid and Defender
Association; National Association of Criminal Defense Lawyers; Former Federal
and State Judges,

*Amici on Behalf of Petitioner.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 24, 2017
Filed: January 27, 2017
[Published]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mark Christeson appeals from an order of the district court[1] denying his motion to reopen a final judgment dismissing his habeas corpus application as untimely. Christeson was convicted of three counts of capital murder in Missouri and sentenced to death. The Missouri Supreme Court affirmed the convictions and sentences, *State v. Christeson*, 50 S.W.3d 251 (Mo. 2001), and later affirmed the denial of state post-conviction relief. *Christeson v. State*, 131 S.W.3d 796 (Mo. 2004).

The federal district court, on July 2, 2004, then appointed two attorneys to represent Christeson in federal habeas corpus litigation. The attorneys filed a habeas petition on August 5, 2005, but the district court dismissed it as untimely, because the time for filing a petition expired on April 10, 2005. This court denied Christeson's application for a certificate of appealability.

Several years later, two new attorneys who now represent Christeson moved for substitution of counsel. New counsel sought to file a motion under Federal Rule of Civil Procedure 60(b) to reopen the final judgment on the ground that the statute of limitations for Christeson's federal habeas petition should have been equitably tolled. The Supreme Court ultimately ruled that substitution was required, *Christeson v. Roper*, 135 S. Ct. 891 (2015) (per curiam), and we remanded the case to the district court with directions to grant the motion for substitution. In its decision, the Supreme Court observed that "Christeson faces a host of procedural obstacles to having a federal court consider his habeas petition," including a requirement to demonstrate that "extraordinary circumstances justify the reopening of a final judgment." *Id*. at 895-96 (alterations and quotation marks omitted).

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

-2-

The district court on remand denied Christeson's motion under Rule 60(b) to reopen the final judgment without an evidentiary hearing. The court concluded that Christeson failed to show "extraordinary circumstances" to justify either reopening a final judgment or equitable tolling of the statute of limitations. Comparing original counsel's actions to the conduct of attorneys in *Holland v. Florida*, 560 U.S. 631 (2010), and *Maples v. Thomas*, 132 S. Ct. 912 (2012), the district court rejected Christeson's contention that his original counsel abandoned him or engaged in other misconduct that amounted to an extraordinary circumstance. Based on filings in the case by original counsel, the court explained that counsel visited Christeson on May 27, 2005, ten weeks before they filed the habeas petition, and prepared and filed various documents over the course of nearly two years. The court ruled that original counsel's miscalculation of the due date for Christeson's habeas petition was not an extraordinary circumstance.

We granted a certificate of appealability to review the district court's denial of relief under Rule 60(b). After considering the opening briefs, we thought it prudent under the circumstances for the district court to develop the record on the actions of original counsel so that a decision on Christeson's allegation of abandonment could be based on a more complete understanding of the facts. We therefore remanded the case for a limited evidentiary hearing on the issue of abandonment.

The district court convened an evidentiary hearing and received testimony from both of Christeson's original attorneys in the federal habeas case, subject to cross-examination by counsel for Christeson. All testimony of original counsel was within the waiver of the attorney-client privilege that was necessarily occasioned by Christeson's claim that original counsel abandoned him. Based on the demeanor of the witnesses and the overall record, the court found credible the testimony of the attorneys. The district court found that original counsel began working on Christeson's behalf within two to three months of their appointment in July 2004, well before the habeas petition was due in April 2005. Counsel explained, and the court

believed, that they received approximately 16 boxes of documents from Christeson's appellate counsel in 2004, and that they reviewed these documents, contacted appellate counsel regarding issues raised at the appellate level, and investigated or discussed potential claims. Tr. 20, 155; *see* R. Doc. 73, at 8. The court credited the testimony of original counsel that shortly after being appointed, they calculated the due date for Christeson's habeas petition based on then-existing case law, and believed that the filing deadline was August 8, 2005. Tr. 23. Based on these findings, the district court reaffirmed its conclusion that original counsel did not abandon Christeson, and that Christeson did not establish extraordinary circumstances to justify equitable tolling or reopening the judgment. We review the district court's findings of fact for clear error, and we review the ultimate conclusion on the existence of extraordinary circumstances *de novo. See English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016).[2]

On appeal, Christeson renews his contention that original counsel abandoned him during the limitations period for the filing of his federal habeas petition, but we are not convinced. Original counsel testified that they calculated a due date for the petition of August 8, 2005, and acted accordingly. They met with Christeson ten weeks before the presumed due date and filed a petition that was timely based on their calculation. The district court credited their testimony, and we see no clear error in that determination. That original counsel did not meet with Christeson before the *actual* due date of April 10, 2005, does not show abandonment. Counsel simply miscalculated the due date. "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson*, 135 S. Ct. at 894 (quoting *Holland*, 560 U.S. at 651-52). Whether original counsel's miscalculation was reasonable based on then-existing law (as the district

---

[2]Because abandonment and extraordinary circumstances are issues of law reviewed *de novo*, it was not an abuse of discretion for the district court to reject Christeson's request to delay the evidentiary hearing to receive an expert opinion on abandonment. *See Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995).

court thought) or was the result of negligence (ordinary or gross), it is well settled that attorney negligence in calculating a deadline is not sufficient to warrant equitable tolling of a statutory time limit. *Maples*, 132 S. Ct. at 922-23; *Holland*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Nor is original counsel's miscalculation an extraordinary circumstance that justifies reopening a judgment. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 535-38 (2005).

Christeson complains that the district court prevented him from effectively cross-examining original counsel about their calculation of the filing deadline when the court refused to admit a copy of this court's decision in *Snow v. Ault*, 238 F.3d 1033 (8th Cir. 2001), as an exhibit at the limited evidentiary hearing. Tr. 76. The decision is a matter of public record, and there was no error in declining to make it an exhibit. Christeson did not propound any question about *Snow* to which an objection was sustained, so he has not preserved any claim of error about limitation of cross-examination on this subject. In any event, the import of *Snow* is to show that original counsel negligently miscalculated the filing deadline: The lawyers said they thought the time was tolled during the ninety days when certiorari could have been sought to review the state court's denial of post-conviction relief, *see Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003); *Snow* demonstrates that they were wrong under then-existing Eighth Circuit law. *See* 238 F.3d at 1035. But further discussion of *Snow* with original counsel to establish attorney negligence could not demonstrate abandonment or extraordinary circumstances, because negligent miscalculation of the deadline is insufficient.

The district court also found that original counsel performed work on Christeson's federal habeas petition—reviewing the voluminous state court record, discussing issues with state appellate counsel, and performing legal research—between their appointment in July 2004 and the filing deadline in April 2005. Christeson complains that he was unable to conduct effective cross-

examination on this subject, because the district court refused to authorize discovery of documents from original counsel. On cross-examination, however, Christeson was able to establish that original counsel kept no time records of work performed before the filing deadline, kept no notes or work product from that period concerning potential claims, had no record of electronic legal research, did not contact a neuropsychological expert to examine Christeson, and had no record of written correspondence with Christeson before May 2005. The *absence* of records was the most effective impeachment material available, yet the district court nonetheless credited the testimony of original counsel that they worked on Christeson's case before the actual filing deadline.[3]

Credibility findings based on the observation of witnesses are accorded great deference, and we discern no clear error here. Original counsel testified that they kept no time records because they expected to perform the services *pro bono*, Tr. 59, and made no notes while reviewing the transcripts and state-court record because the case file was well organized, Tr. 143—the principal work on preparing a petition was performed between May and August 2005. Counsel said that they had no record of electronic research because they used printed materials and compact discs to conduct legal research, Tr. 56, 146, and they did not consult a neuropsychiatrist because Christeson did not want an examination. Tr. 70. And even if counsel did all of their work on the petition during the ten weeks before they believed the petition was due in August 2005, that allocation of time would not constitute abandonment as opposed to negligent miscalculation of a filing deadline.

---

[3]Christeson also complains that he could not obtain prison records reflecting his telephone calls with original counsel, but the State introduced an exhibit with a list of prison calls at the hearing, and it showed only calls between Christeson and original counsel after the statute of limitations expired. Tr. 14-15. Christeson objects that he could not discover copies of original counsel's calendars and docket appearances in all courts during the relevant period, but he does not explain why those records would be material.

Christeson contends that the district court's budget order denied him the necessary resources, especially for experts and specialists, to develop fully grounds for equitable tolling of the statute of limitations. Christeson's substituted counsel requested approximately $161,000; the district court authorized $10,000 with the possibility of additional resources if an evidentiary hearing were ordered. We see no prejudice to Christeson from the district court's order. A substantial amount of Christeson's proposed budget was aimed at developing information that was not relevant to whether original counsel abandoned Christeson. R. Doc. 119, at 19-20. As the district court observed, "no amount of money would change the fact that original counsel simply miscalculated AEDPA's one-year deadline." R. Doc. 150, at 20. Christeson's attorneys thoroughly briefed the issues of abandonment and extraordinary circumstances in the district court and in this court; that counsel might end up receiving compensation below their ordinary rates or performing some services *pro bono* does not violate any right of Christeson. *Cf. In re Carlyle*, 644 F.3d 694, 699-700 (8th Cir. 2011) (Riley, C.J., in chambers) ("[I]t must be remembered that CJA service is first a professional responsibility, and no lawyer is entitled to full compensation for services for the public good.").

The district court ruled alternatively that even if Christeson had showed extraordinary circumstances to warrant equitable tolling, he failed to show that he also diligently pursued his rights. Given our conclusion that there are no extraordinary circumstances that justify equitable tolling or reopening of the judgment, we need not address whether Christeson was diligent.

The judgment of the district court is affirmed. Christeson's unopposed motion to file a portion of the joint appendix under seal is granted.

MURPHY, Circuit Judge, concurring.

While I do not agree that Christeson's counsel's calculation of AEDPA's limitations period was a "reasonable interpretation of then existing caselaw" as the district court found, I nonetheless concur because this error did not merit reopening under Federal Rule of Civil Procedure 60(b) or equitable tolling.

The district court credited the explanation by Christeson's attorneys that they based their calculation of AEDPA's limitations period on then existing case law, including the Sixth Circuit's decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), overruled by Lawrence v. Florida, 549 U.S. 327 (2007). In Abela, the Sixth Circuit decided that AEDPA's limitations period was tolled under 28 U.S.C. § 2244(d)(2) "from the filing of an application for state post-conviction or other collateral relief until the conclusion of the [90 days] for seeking Supreme Court review of the state's final judgment." 348 F.3d at 172–73. In dissent, Judge Siler observed that there had been "no Circuit authority" in support of the majority's rule. Id. at 173.

Counsel in the case before us should, however, have been aware that the tolling period calculated under Abela had been explicitly rejected by the Eighth Circuit. In fact, the Sixth Circuit had observed in Abela that other appellate courts, including the Eighth Circuit, had rejected its tolling rule. 348 F.3d at 169 (citing Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001)). In Snow, the Eighth Circuit had concluded that the petitioner who had not sought a writ of certiorari would not be entitled to an additional 90 days of tolling under 28 U.S.C. § 2244(d)(2) at the conclusion of state postconviction review.[4] 238 F.3d at 1035.

---

[4]Snow v. Ault was also cited in Christeson's pro se motion in district court requesting the appointment of initial counsel. That motion, which one of Christeson's attorneys admitted he had seen, stated that he needed counsel appointed immediately because in Snow v. Ault the "Eighth Circuit ruled that under the AEDPA the time for

-8-

The panel opinion states that this miscalculation may have been "negligent" but on this record it appears that counsel's conduct crossed the line from negligent to deficient representation. The question before us is not whether Christeson's counsel provided ineffective assistance, however, but whether Christeson's counsel engaged in such "serious attorney misconduct" that counsel effectively abandoned Christeson. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2003). Here, counsel allegedly conducted some legal research, cursory as it may have been. Minimal or mistaken legal research does not equate to serious attorney misconduct, however. See King v. Hobbs, 666 F.3d 1132, 1137 (8th Cir. 2012); see also Cadet v. Florida Dep't of Corr., 742 F.3d 473, 480–81 (11th Cir. 2014). Given that counsel's performance here has not been shown to amount to serious misconduct, I concur.

_____

filing [a] habeas petition [would] commence running when rehearing [before the state supreme court] [was] ruled on."