730 N.E.2d 26 (2000)
191 Ill.2d 194
246 Ill.Dec. 346
The PEOPLE of the State of Illinois, Appellee,
v.
William T. JONES, Appellant.
No. 85354.
Supreme Court of Illinois.
April 20, 2000.
Rehearing Denied May 30, 2000.
*27 Howard B. Eisenberg, Milwaukee, Wisconsin, for Appellant.
James E. Ryan, Attorney General, Springfield, and Gary D. Duncan, State's Attorney, Mt. Vernon (Joel D. Bertocchi, Solicitor General, William L. Browers, Michael M. Glick and Mary Beth Burns, Assistant Attorneys General, Chicago, of counsel), for the People.
Justice HEIPLE delivered the opinion of the court:
The defendant, William T. Jones, was convicted in the circuit court of Jefferson County of murder, attempted murder, armed robbery, residential burglary, and aggravated battery. Defendant waived his right to a jury for purposes of sentencing, and the trial court found him eligible for the death penalty. After hearing evidence in aggravation and mitigation, the trial court sentenced defendant to death.
Defendant's convictions were affirmed on direct appeal (People v. Jones, 123 Ill.2d 387, 123 Ill.Dec. 944, 528 N.E.2d 648 (1988)), and the United States Supreme Court denied review (Jones v. Illinois, 489 U.S. 1040, 109 S.Ct. 1174, 103 L.Ed.2d 236 (1989)). Subsequently, defendant filed a pro se petition for post-conviction relief. After the trial court appointed counsel to assist defendant in his post-conviction proceedings, defendant filed an amended petition. Thereafter, on the State's motion, the trial court dismissed the post-conviction petition without an evidentiary hearing. This court affirmed the circuit court, and the United States Supreme Court denied review. People v. Jones, 155 Ill.2d 357, 185 Ill.Dec. 534, 614 N.E.2d 1219 (1993), cert. denied, 510 U.S. 966, 114 S.Ct. 444, 126 L.Ed.2d 378 (1993).
On August 15, 1996, defendant filed a second petition for post-conviction relief. In this petition, defendant alleged that at the time of his trial, he was taking the psychotropic medication Valium. At the time of defendant's trial, section 104-21(a) of the Code of Criminal Procedure of 1963 (Ill.Rev.Stat.1985, ch. 38, par. 104-21(a) (later codified as 725 ILCS 5/104-21(a))) required a court that was informed that a criminal defendant was taking psychotropic medication to hold a hearing to determine the defendant's fitness for trial. Defendant's petition alleged that even though defendant's use of Valium was disclosed to the trial court, the court failed to conduct the required fitness hearing. According to defendant, the trial court's actions deprived him of due process of law. In addition, defendant's petition claimed that his attorney's failure to request a fitness hearing constituted ineffective assistance of counsel.
*28 The trial court dismissed defendant's second post-conviction petition without an evidentiary hearing on the grounds that the petition was time-barred by defendant's noncompliance with the statute of limitations and that, in any event, defendant's petition improperly sought the benefit of a new rule of criminal procedure on collateral review. Defendant now appeals directly to this court. 134 Ill.2d Rs. 603, 651.

ANALYSIS
As an initial matter, the State argues that defendant's petition is time-barred because it was filed outside the statutory limitations period. 725 ILCS 5/122-1(c) (West 1998). At the time defendant was sentenced on October 17, 1985, the Post-Conviction Hearing Act required defendant to file his post-conviction petition within 10 years from the date of his conviction. Ill.Rev.Stat.1985, ch. 38, par. 122-1. Defendant was sentenced on October 17, 1985. However, effective January 1, 1992, the General Assembly shortened the applicable limitations period to three years from the date of the conviction. This amendment was made retroactive to final judgments rendered before its January 1, 1992, effective date. Thus, the last day defendant could have timely filed his post-conviction petition was December 31, 1991 (the day before the effective date of the amendment). Defendant, however, did not file the instant post-conviction petition until August 15, 1996. As a consequence, the State argues, defendant's petition is untimely.
In addition, the State argues that defendant's claims are procedurally defaulted due to defendant's failure to raise them in either his direct appeal or his initial post-conviction petition. According to the State, claims raised in a successive post-conviction petition are not reviewable unless the defendant shows that the initial proceedings were deficient in some fundamental way. The State argues that defendant has failed to make such a showing.
Defendant argues that the late filing of his second post-conviction petition should be excused. Defendant correctly notes that a post-conviction petition will not be considered time-barred if the petition alleges facts demonstrating the delay in filing was not due to his culpable negligence. Ill.Rev.Stat.1985, ch. 38, par. 122-1. In the instant case, defendant argues, the claims raised in his second petition were predicated upon this court's decision in People v. Nitz, 173 Ill.2d 151, 218 Ill. Dec. 950, 670 N.E.2d 672 (1996). In Nitz, this court held that the failure to hold a section 104-21(a) fitness hearing was a constitutional error which could be raised for the first time in post-conviction proceedings. Because Nitz was decided just two months before defendant filed the instant petition, defendant argues that his petition should not be considered untimely. Furthermore, defendant argues that this court's decisions in People v. Brandon, 162 Ill.2d 450, 205 Ill.Dec. 421, 643 N.E.2d 712 (1994), People v. Gevas, 166 Ill.2d 461, 211 Ill.Dec. 511, 655 N.E.2d 894 (1995), People v. Kinkead, 168 Ill.2d 394, 214 Ill.Dec. 145, 660 N.E.2d 852 (1995), People v. Nitz, 173 Ill.2d 151, 218 Ill.Dec. 950, 670 N.E.2d 672 (1996), and People v. Britz, 174 Ill.2d 163, 220 Ill.Dec. 388, 673 N.E.2d 300 (1996), suggest that the issue of the failure to hold a section 104-21(a) fitness hearing can never be waived and thus is not subject to procedural default.
After considering the arguments of the parties, we hold that the claims raised in defendant's second post-conviction petition have been procedurally defaulted and cannot properly be raised in this successive petition. Accordingly, we need not address whether defendant's petition established a lack of culpable negligence sufficient to delay his late filing.
The Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition. People v. Flores, 153 Ill.2d 264, 273, 180 Ill.Dec. 1, 606 N.E.2d 1078 (1992); People v. Free, 122 *29 Ill.2d 367, 375, 119 Ill.Dec. 325, 522 N.E.2d 1184 (1988). Moreover, section 122-3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 1998); Flores, 153 Ill.2d at 274, 180 Ill.Dec. 1, 606 N.E.2d 1078; Free, 122 Ill.2d at 375-76, 119 Ill.Dec. 325, 522 N.E.2d 1184. Furthermore, a ruling on an initial post-conviction petition has res judicata effect with respect to all claims that were raised or could have been raised in the initial petition. Flores, 153 Ill.2d at 274, 180 Ill.Dec. 1, 606 N.E.2d 1078; Free, 122 Ill.2d at 376, 119 Ill.Dec. 325, 522 N.E.2d 1184. As a consequence, a defendant faces a daunting procedural hurdle when bringing a successive post-conviction petition.
In the instant case, defendant's second post-conviction petition alleges that he was taking psychotropic medication at the time of his trial. Based upon this allegation, defendant claims that: (1) he was denied his right to due process because the circuit court failed to conduct a fitness hearing; and (2) his trial counsel was ineffective for failing to request a fitness hearing. We note that under our recent decision in People v. Mitchell, 189 Ill.2d 312, 245 Ill.Dec. 1, 727 N.E.2d 254 (2000), the first claim is not cognizable on post-conviction review. Even if it were, however, defendant has waived both claims by failing to raise them in his first post-conviction petition.
This court held in Flores that the procedural bars of waiver and res judicata may be relaxed with respect to successive post-conviction petitions under certain circumstances. Flores, 153 Ill.2d at 274, 180 Ill.Dec. 1, 606 N.E.2d 1078. In Flores, we adopted the "cause and prejudice" test, borrowed from United States Supreme Court cases considering successive habeas corpus petitions, as the proper means of identifying the extremely narrow class of cases in which a defendant's successive post-conviction petition is entitled to consideration on the merits. Flores, 153 Ill.2d at 279, 180 Ill.Dec. 1, 606 N.E.2d 1078. Under the test announced in Flores, claims in a successive post-conviction petition are barred unless the defendant can establish good cause for failing to raise his claims in prior proceedings and actual prejudice resulting from the claimed errors. For purposes of this test, "cause" is further defined as some objective factor external to the defense that impeded counsel's efforts to raise the claim in an earlier proceeding, and "prejudice" is defined as an error which so infected the entire trial that the resulting conviction violates due process. Flores, 153 Ill.2d at 279, 180 Ill.Dec. 1, 606 N.E.2d 1078.
Applying the cause and prejudice test to the instant case, it is clear that defendant remains procedurally barred from bringing his claims in this second post-conviction petition. Even if defendant were able to show cause for failing to raise his claims earlier, he would not be able to establish prejudice resulting from the alleged error of failing to hold a section 104-21 (a) fitness hearing.
Under section 104-10 of the Code of Criminal Procedure, a defendant is unfit for trial "if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." Ill.Rev.Stat.1985, ch. 38, par. 104-10. Here, the record belies any claim that defendant did not understand the nature of the proceedings or was unable to assist in his defense. A review of the transcripts which defendant attached to his petition reveals that, after the trial judge was informed that defendant was being treated with Valium, the following discussion took place between the court and the defendant:
"THE COURT: * * * The issue was raised that you are apparently taking by prescription ten milligrams or some amount of milligrams of Valium twice a day.
THE DEFENDANT: Yes.

*30 THE COURT: All right. Do you have the prescription for that medication?
THE DEFENDANT: Yes.
THE COURT: All right. Is there any difficulties with you understanding anything what's transpired so far or any of my communications with you directly?
THE DEFENDANT: No.
THE COURT: Do you realize that it does create a possibility of some possible introduction of something along those lines under certain circumstances? It creates the possibility of the issue of whether or not you are aware of what's going on in this proceeding and whether or not you are aware of what's going on at any time during the proceeding, if you choose to testify or if you don't choose to testify, there is a decision you would make. If you choose to have certain motions filed or not to have them filed with discussions with your lawyers, there's [a] decision you have to make. Certainly, evidence going on you have to be aware of to communicate with your lawyers about. You have any difficulties doing that right now?
THE DEFENDANT: No, I do not.
THE COURT: All right. What are your feelings regarding the substance, do you intend to continue the prescription?
THE DEFENDANT: If the Court will allow me, I will continue.
THE COURT: Okay.
THE DEFENDANT: Because it have-it have not affected me in any of my judgment so far.
THE COURT: Okay. And did your attorneys and you discuss the possibility of some law regarding whether or not you could be examined on whether or not you are taking the substance? There may or may not be the way the State might examine you on that if you took the stand.
THE DEFENDANT: Well, if I do decide to take the stand, I will not be under any type of medication whatsoever, your Honor.
THE COURT: All right."
Defendant's exchanges with the trial judge do not display any confusion about the nature of the proceedings. Moreover, defendant assisted in his defense by testifying on his own behalf. Finally, in his conversation with the judge, the defendant specifically denied that he had any difficulty understanding the nature of the proceedings, assisting his attorneys with his defense, or making decisions regarding the conduct of his defense. Under the facts of this case, we find that even if defendant's attorney had requested a fitness hearing, there was no reasonable probability that defendant would have been found unfit. Thus, defendant's due process fitness claim and his ineffective-assistance-of-counsel claim would both fail. See People v. Mitchell, 189 Ill.2d 312, 245 Ill.Dec. 1, 727 N.E.2d 254 (2000). Accordingly, defendant's petition fails to establish actual prejudice within the meaning of the cause and prejudice test. Defendant's successive post-conviction petition is therefore procedurally barred and the trial court properly dismissed the petition.

CONCLUSION
For the reasons stated above, we affirm the trial court's dismissal of defendant's second post-conviction petition without an evidentiary hearing. The clerk of this court is directed to enter an order setting Wednesday, September 20, 2000, as the date on which the sentence of death entered in the circuit court of Jefferson County is to be carried out. Defendant shall be executed in the manner provided by law. 725 ILCS 5/119-5 (West 1998). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Tamms Correctional Center, and to the warden of the institution where defendant is now confined.
Judgment affirmed.
*31 Justice FREEMAN, dissenting:
I respectfully dissent.
Defendant filed his petition for post-conviction relief on August 15, 1996. At that time, the law in this state provided an automatic rule of reversal for those defendants who were entitled to a fitness hearing by virtue of their ingestion of psychotropic drugs. See People v. Nitz, 173 Ill.2d 151, 218 Ill.Dec. 950, 670 N.E.2d 672 (1996); People v. Birdsall, 172 Ill.2d 464, 219 Ill.Dec. 22, 670 N.E.2d 700 (1996); People v. Brandon, 162 Ill.2d 450, 205 Ill.Dec. 421, 643 N.E.2d 712 (1994). By the time the parties completed the briefing in this case, in June 1999, the law had changed from one of automatic reversal to a case-specific inquiry. See People v. Burgess, 176 Ill.2d 289, 223 Ill.Dec.624, 680 N.E.2d 357 (1997); People v. Neal, 179 Ill.2d 541, 228 Ill.Dec. 619, 689 N.E.2d 1040 (1997). Unfortunately for defendant, this court has again changed the law in this area by virtue of the recent decision in People v. Mitchell, 189 Ill.2d 312, 245 Ill. Dec. 1, 727 N.E.2d 254 (2000). This latest change occurred after the parties had oral argument in this case.
In Mitchell, this court held, contrary to prior precedent, that a psychotropic drug claim couched in terms of a denial of due process is not cognizable under the Post-Conviction Hearing Act. The court further held that, in order to establish ineffective assistance of counsel for counsel's failure to request the statutorily mandated fitness hearing, a defendant must show that such a hearing would have resulted in a finding that defendant was, in fact, unfit. I dissented in Mitchell, arguing that the decision was contrary to stare decisis. See Mitchell, 189 Ill.2d at 362-63, 245 Ill.Dec. 1, 727 N.E.2d at 281 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.). I continue to believe that the court's action in Mitchell was unwarranted and would, therefore, decide this appeal, along with its procedural complexities, on the basis of the law as it stood prior to the issuance of Mitchell. See Mitchell, 189 Ill.2d at 393-94, 245 Ill.Dec. 1, 727 N.E.2d at 298-299 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.).
Notwithstanding the above, I also take issue with deciding this appeal without the benefit of ordering the parties to rebrief the issue in light of Mitchell. Just as in Mitchell, defendant here has not been heard in this court's sua sponte debate over the correctness of Brandon and its progeny. See Mitchell, 189 Ill.2d at 362-63, 245 Ill.Dec. 1, 727 N.E.2d at 281 (Freeman, J., dissenting, joined by Harrison, C.J., and McMorrow, J.). At the same time that the Mitchell appeal was under advisement, several similar cases were also under advisement. As such, the briefing in those cases was completed prior to the date Mitchell was released. Each of the defendants in those cases is affected by the change in law precipitated by the decision. In this case, as in our recent case of People v. Moore, 189 Ill.2d 521, 245 Ill.Dec. 95, 727 N.E.2d 348 (2000), the law changed in mid-appeal. I demonstrated in my dissent in Moore the debilitating effect the change of law had on defendant Moore's burden of proof. See Moore, 189 Ill.2d at 546-47, 245 Ill.Dec. 95, 727 N.E.2d at 361-362 (Freeman, J., dissenting, joined by McMorrow, J.). The change in law caused by Mitchell is even more harmful to this defendant because the court today rules entirely on procedural grounds that did not exist at the time defendant filed his brief and argued the case.
Chief Justice HARRISON and Justice McMORROW join in this dissent.