NOTICE

Decision filed 06/24/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170034-U

NO. 5-17-0034

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 03-CF-3441 |
| | ) | |
| RICHARD A. ALSUP, | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the defendant failed to show cause for not including his postconviction claims in a previous postconviction proceeding, and any argument to the contrary would lack merit, appointed appellate counsel is granted leave to withdraw, and the circuit court's order denying the defendant's motion for leave to file a successive postconviction petition is affirmed.

¶ 2    More than 15 years ago, a jury found the defendant, Richard A. Alsup, guilty of knowing first-degree murder and three other felony offenses. The circuit court subsequently sentenced him to a lengthy term of imprisonment for the murder count and lesser terms for the three other counts. His appeal from the judgment of conviction was unsuccessful. His collateral attacks on the judgment, in the form of petitions for postconviction relief, were unsuccessful. In November 2016, the defendant filed with the circuit court a motion for leave to file a successive postconviction petition. The circuit court denied the motion, after finding that the defendant had failed to show

1

cause for not including his postconviction claims in a previous postconviction proceeding. The instant appeal is from that denial order.

¶ 3    The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. On that basis, OSAD has filed a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD properly gave notice to the defendant, who has filed with this court an objection to the *Finley* motion. This court has examined OSAD's motion and memorandum of law, the defendant's written objection, and the entire record on appeal. This court concludes that this appeal does not present any issue of arguable merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                    BACKGROUND

¶ 5    In December 2003, the defendant stole a van in Florissant, Missouri. From there, he led police on a high-speed chase across the Mississippi River and into Granite City, Illinois. The chase ended when the defendant crashed the stolen van into an automobile that was being driven by John C. Smith. The impact of the crash ejected Smith from his car, resulting in injuries that quickly led to Smith's death. In January 2005, a jury found the defendant guilty of knowing first-degree murder, aggravated possession of stolen firearms, aggravated possession of a stolen motor vehicle, and unlawful possession of weapons by a felon. On these four charges, the circuit court sentenced the defendant to imprisonment for terms of 40 years, 10 years, 10 years, and 5 years, respectively. The two 10-year sentences and the 5-year sentence were concurrent to one another but consecutive to the 40-year sentence.

¶ 6    On direct appeal, the defendant argued that the State had failed to prove him guilty of first-degree murder and that the trial court had abused its discretion in admitting two of the State's

2

exhibits into evidence. This court disagreed with both of the defendant's arguments and affirmed the judgment of conviction. *People v. Alsup*, 373 Ill. App. 3d 745 (2007).

¶ 7       In March 2008, the defendant filed a *pro se* petition for postconviction relief. It was his first postconviction petition. The defendant claimed that (1) he was deprived of due process and equal protection when he was indicted beyond the applicable statutory deadline following his arrest, and he was deprived of the effective assistance of trial counsel and direct-appeal counsel when they failed to raise the issue; (2) trial counsel provided ineffective assistance when he failed to argue to the jury that the defendant was innocent of aggravated possession of stolen firearms, aggravated possession of a stolen motor vehicle, and unlawful possession of weapons by a felon, and direct-appeal counsel was constitutionally ineffective for not raising the issue; (3) trial counsel and direct-appeal counsel were constitutionally ineffective for failing to argue that the circuit court lacked jurisdiction over his case; (4) he was deprived of due process and equal protection when the State relied on perjured testimony in order to obtain an indictment against him, and trial and direct-appeal counsel were constitutionally ineffective for failing to raise the issue; (5) he was deprived of due process and equal protection when the trial prosecutor made a particular comment during closing argument to the jury, and trial and direct-appeal counsel were constitutionally ineffective for failing to raise the issue; (6) trial counsel was constitutionally ineffective for failing to argue, at sentencing, that the defendant's mental-health diagnoses were mitigating factors, and direct-appeal counsel was constitutionally ineffective for failing to raise the issue; (7) trial counsel and direct-appeal counsel were constitutionally ineffective for failing to argue that the defendant never should have been charged with first-degree murder and for failing to argue that the jury should have been instructed on involuntary manslaughter as a lesser included offense; (8) his 40-year prison sentence was so excessive as to qualify as cruel and unusual punishment; and (9) he

3

was deprived of due process when his direct appeal was argued before a panel of two judges, and direct-appeal counsel was constitutionally ineffective for not filing a motion for rehearing on the ground that the defendant's criminal conduct did not meet the definition of murder.

¶ 8       In May 2008, the circuit court summarily dismissed the March 2008 petition, after finding it frivolous and patently without merit.  On appeal, the defendant's sole argument was that he stated the gist of a constitutional claim when he alleged, in claim 6 of his petition, that trial counsel was ineffective for failing to argue that the defendant's mental-health diagnoses were mitigating factors at sentencing.  This court disagreed with the defendant and affirmed the summary dismissal of his initial postconviction petition.  See *People v. Alsup*, No. 5-08-0292 (July 1, 2009) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 9       In September 2014, the defendant mailed to the circuit court a handwritten letter asking for certain modifications to his sentences, and complaining about the admission of certain evidence, and the giving of a certain jury instruction, at his trial.  The circuit court apparently treated the defendant's letter as a postconviction petition.  In December 2014, the circuit court entered a written order stating that the letter failed to comply with the requirements of the Post-Conviction Hearing Act and that the defendant's requests were "denied."

¶ 10      In January 2016, the defendant filed a *pro se* motion for leave to file a successive postconviction petition.  The motion for leave was accompanied by the successive petition that he sought to file.  In the motion, the defendant stated that he did not include in his initial postconviction petition the claims that he sought to present in his successive petition because, at the time he prepared the initial petition, he was "unaware of the constitutional merits of these issues."  He became aware of the issues' merits after "having the opportunity to converse with others who brought the issues to [his] attention."  Each of the five claims in the successive

4

postconviction petition concerned trial counsel's performance. The defendant alleged that trial counsel (1) provided ineffective assistance when he failed to inform the defendant of "any plea offer" or "any pre-trial discussions with prosecution"; (2) provided ineffective assistance when he failed to move to suppress statements that the defendant made to police interrogators while in custody, on the ground that the statements were involuntary; (3) provided ineffective assistance when he failed to object to the trial court's erroneous jury instructions on the mental state of knowledge; (4) "labored under [a] conflict of interest" as evidenced by his failure to communicate meaningfully with the defendant pretrial, his failure to argue the defendant's innocence to the jury, and his failure to subject the State's case to meaningful adversarial testing; and (5) provided ineffective assistance when he failed to object to the imposition of consecutive sentences.

¶ 11    In a written order, the circuit court found that the defendant had failed to meet the cause-and-prejudice test for a successive petition, and the court denied the motion for leave to file a successive petition "as repetitive of previously filed petitions." The defendant perfected an appeal from that order. In this court, though, he moved to dismiss the appeal, and the appeal was dismissed. See *People v. Alsup*, No. 5-16-0051 (June 23, 2016) (unpublished dispositional order).

¶ 12    On November 16, 2016, the defendant filed in the circuit court a 15-page *pro se* motion for leave to file a successive petition for postconviction relief. This motion is the subject of the instant appeal. The motion was accompanied by a 33-page *pro se* successive petition for postconviction relief. Attached to the successive petition were several pages of excerpts from statutes and court opinions.

¶ 13    In the motion for leave to file a successive postconviction petition, the defendant addressed the matters of cause and prejudice. In his discussion of cause, the defendant stated that the issues he sought to raise in his successive petition had not been raised previously due to his "learning

5

disability, attention deficit disorder, low IQ level, [and] 7th grade level education" combined with "little to no access to prison law library, constant prison lock-downs, [and] no one on one legal assistance." The defendant explained that his disabilities had prevented him from realizing the merit of his issues until other inmates eventually enlightened him. The defendant's discussion of prejudice was not as clear or straightforward as his discussion of cause; it was included or implicit in a preview of the issues presented in the successive petition itself, a preview that consumed most of the 15-page motion.

¶ 14    In the successive postconviction petition that the defendant sought leave to file, the defendant presented six claims of constitutionally ineffective assistance by trial counsel. In his six claims, the defendant made the following allegations against counsel:

(1) Prior to trial, counsel failed to inform the defendant of a plea offer from the State and failed to offer his professional opinion on the plea offer. The defendant did not describe the terms of the claimed plea offer; he merely asserted that a plea offer was made, and that counsel had an obligation to inform him of it and to offer his professional opinion on it. In the midst of discussing this claim about a plea offer, the defendant very briefly asserted a wide assortment of other alleged failings by trial counsel. The defendant asserted that trial counsel failed to inform him that a fitness examination had been requested, failed to be present during a fitness examination so as to advise the defendant, failed to discuss with the defendant the fitness examination report, failed to discuss with the defendant the content of pretrial conferences, failed to inform the defendant that the indictment had been amended a few days before trial, failed to inform the defendant that he would request a lesser-included-offense instruction, failed to include in a posttrial motion a claim that the State had failed to disclose important impeachment evidence, and failed to discuss with the defendant the presentence investigation report. In addition to all of those failings, the defendant

6

also stated that trial counsel "failed to do a pre-trial investigation regarding mitigating evidence, possible witnesses, and evidence of a second suspect only known as 'Mike', who could have been driving the vehicle." The defendant did not offer any additional information about "Mike" and did not explain how he came to learn of the existence of "Mike." The defendant also asserted that the State failed to disclose evidence that he could have used to impeach State witnesses, but the defendant did not describe the nature or character of this evidence and did not identify the witnesses who might have been impeached with it. (The claim that trial counsel failed to inform the defendant about a plea offer was also included in the successive postconviction petition that the defendant unsuccessfully sought to file in January 2016.)

(2) Counsel failed to file a motion to suppress statements that the defendant made to police interrogators while in custody, on the ground that the statements were involuntary. (This claim was also included in the successive postconviction petition that the defendant unsuccessfully sought to file in January 2016.)

(3) Counsel failed to object to the trial court's erroneous jury instructions on the mental state of knowledge. (This claim was also included in the successive postconviction petition that the defendant unsuccessfully sought to file in January 2016.)

(4) Counsel failed to object to the imposition of consecutive sentences. (This claim was also included in the successive postconviction petition that the defendant unsuccessfully sought to file in January 2016.)

(5) At trial, counsel failed to provide the defendant with any kind of defense. During opening statement, he told the jury that the defendant was guilty. He failed to present evidence that "a second suspect known as 'Mike', who is mentioned in police reports and grand jury testimony, which would have raised doubt [as] to who was actually driving the vehicle." He also

7

failed to present an argument that specifically addressed the charge of knowing first-degree murder. (Part of this claim is reminiscent of the second claim presented in the defendant's initial postconviction petition, filed in March 2008, wherein the defendant complained that trial counsel failed to argue to the jury that the defendant was innocent of aggravated possession of stolen firearms, aggravated possession of a stolen motor vehicle, and unlawful possession of weapons by a felon. This claim also is reminiscent of the fourth claim in the successive postconviction petition that the defendant unsuccessfully sought to file in January 2016, wherein the defendant alleged that counsel failed to argue to the jury that the defendant was innocent and failed to subject the State's case to meaningful adversarial testing.)

(6) Counsel failed to move to dismiss the charges on the grounds that the defendant was both indicted and brought to trial beyond the applicable statutory deadlines following his arrest. In the midst of discussing this claim of ineffective assistance by trial counsel, the defendant briefly asserted that direct-appeal counsel was ineffective for not raising this issue. (This claim is reminiscent of the first claim presented in the defendant's initial postconviction petition, filed in March 2008, wherein the defendant claimed that he was deprived of due process and equal protection when he was indicted beyond the applicable statutory deadline following his arrest, and that he was deprived of the effective assistance of trial counsel and direct-appeal counsel when they failed to raise the issue.)

¶ 15    On January 3, 2017, the circuit court entered an order denying the defendant's November 16, 2016, motion for leave to file a successive petition. The court stated that the defendant had failed to show cause as to why he had not included his postconviction claims in any of his earlier postconviction petitions. The defendant perfected the instant appeal from the denial order.

¶ 16                            ANALYSIS

¶ 17    This appeal is from the circuit court's denial of leave to file a successive petition for postconviction relief. Appellate review is *de novo*. *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). As previously noted, the defendant's appointed attorney in this appeal, OSAD, has filed a *Finley* motion for leave to withdraw as counsel, along with a memorandum of law in support of the motion. (Oddly, OSAD did not include a standard of review in its motion or memorandum.)

¶ 18    In its memorandum, OSAD suggests two potential issues on appeal: (1) whether the defendant satisfied the cause-and-prejudice test for the filing of a successive postconviction petition, and (2) whether the defendant presented a claim of actual innocence.

¶ 19    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) contemplates the filing of only one postconviction petition. *Id.* § 122-1(f); *People v. Jones*, 191 Ill. 2d 194, 198 (2000). Where a criminal defendant files an initial postconviction petition, and the circuit court rules on that petition, the ruling has *res judicata* effect with respect to all claims that were raised, and all claims that could have been raised, in the initial petition. *Jones*, 191 Ill. 2d at 198. "As a consequence, a defendant faces a daunting procedural hurdle when bringing a successive post-conviction petition." *Id.* More specifically, the defendant must obtain leave of court to file a successive petition, and in order to obtain leave, he must satisfy the cause-and-prejudice test. 725 ILCS 5/122-1(f) (West 2016); *Jones*, 191 Ill. 2d at 199. That is, he must establish both "good cause for failing to raise his claims in prior proceedings" and "actual prejudice resulting from the claimed errors." *Jones*, 191 Ill. 2d at 199. Cause is "some objective factor external to the defense" that impeded the defendant's ability to raise the claim in an earlier proceeding. *Id.* Unless the defendant satisfies the cause-and-prejudice test, the claims in a successive petition are barred; they will not be considered on the merits. *Id.*

9

¶ 20    This court observes that of the claims contained in the successive postconviction petition that the defendant was denied leave to file, almost all of them were raised in previous postconviction proceedings. This court's detailed description of those claims, *supra*, makes that point clear. As a result of the circuit court's rulings in those previous postconviction proceedings, almost all of the claims in the defendant's latest successive petition are obviously *res judicata*.

¶ 21    According to OSAD, the defendant's latest successive petition contains only one new claim —that trial counsel failed to assert the defendant's right to a speedy trial. There is no good reason for not raising that claim in a previous postconviction proceeding. In his motion for leave to file the successive petition, the defendant stated, essentially, that he did not raise that claim previously because he did not previously realize that the claim existed and had merit. A simple failure to recognize a factual or legal basis for a claim does not constitute cause for a procedural default. See *Murray v. Carrier*, 477 U.S. 478, 486-87 (1986).

¶ 22    A defendant will be excused from satisfying the cause-and-prejudice test if his successive postconviction petition presents a cognizable claim of actual innocence. *People v. Ortiz*, 235 Ill. 2d 319, 330-31 (2009). OSAD notes that the defendant's successive petition includes mention of "Mike," a person who, according to the petition, "could have been driving the vehicle" that slammed into John C. Smith's automobile, killing Smith. "Mike" is mentioned in the first claim in the successive petition, as described *supra*. The defendant's sketchy references to "Mike" cannot possibly amount to a cognizable claim of actual innocence. The defendant did not describe any evidence that was new or that could possibly change the result of the defendant's trial. See *id.* at 333.

¶ 23                                    CONCLUSION

¶ 24     For the foregoing reasons, the circuit court did not err in denying the defendant leave to file his successive postconviction petition.  Any argument to the contrary would have no merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 25     Motion granted; judgment affirmed.