NOTICE

Decision filed 12/06/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190123-U

NO. 5-19-0123

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 06-CF-731 |
| | ) | |
| LAQUIZE McMATH, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition, and since any argument to the contrary would lack merit, the defendant's appointed counsel on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2   The defendant, Laquize McMath, is before this court for the fourth time in the instant case. He appeals from the circuit court's order denying his motion for leave to file a (second) successive postconviction petition. The defendant's court-appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit and, on that basis, has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support of the motion. OSAD properly served the defendant with a copy of its motion and memorandum. This court gave the defendant an

1

opportunity to file a *pro se* response, etc., objecting to OSAD's withdrawal motion or explaining why this appeal has merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and memorandum, as well as the entire record on appeal and this court's orders in the previous appeals, and has determined that this appeal does indeed lack merit. Accordingly, OSAD's *Finley* motion must be granted, and the judgment of the circuit court must be affirmed.

¶ 3                                  BACKGROUND

¶ 4      In 2007, a jury found the defendant guilty of the first degree murder of Larry Townsend, and the circuit court sentenced him to imprisonment for a term of 32 years. On direct appeal, the defendant, through his appointed counsel, OSAD, argued only that trial counsel had provided ineffective assistance by failing to call his brother to testify as an alibi witness and failing to call three other people to testify as occurrence witnesses. This court rejected the argument and affirmed the judgment of conviction. *People v. McMath*, No. 5-07-0496 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      In 2009, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)). The defendant asserted that he was actually innocent of first degree murder, as shown by (i) the alibi testimony that could be presented by his brother and mother and (ii) the fact that all three of the State's occurrence witnesses had criminal charges pending against them at the time of the defendant's trial, thus establishing that they perjured themselves or at least casting doubt on the veracity of their testimony. The defendant also asserted that defense counsel provided ineffective assistance by failing to call those alibi witnesses. The circuit court summarily dismissed the postconviction petition as frivolous and patently without merit. The court noted that the postconviction petition was not accompanied by an affidavit from

the defendant's brother, and that the affidavit from his mother did not preclude the defendant's committing the charged crime. The defendant appealed.

¶ 6    On appeal from the summary dismissal of his 2009 postconviction petition, the defendant was represented by appointed counsel OSAD. One of the arguments presented by OSAD on the defendant's behalf was that both trial counsel and direct-appeal counsel provided ineffective assistance by failing to challenge an erroneous jury instruction on eyewitness identification, which was Illinois Pattern Jury Instructions, Criminal, No. 3.15 (4th ed. 2000) (hereinafter IPI Criminal 4th No. 3.15). The defendant relied on *People v. Herron*, 215 Ill. 2d 167, 191 (2005), wherein our Illinois Supreme Court held that IPI Criminal 4th No. 3.15 was "ambiguous and misleading." The defendant acknowledged that his postconviction petition did not mention the jury instruction, and that it did not specifically allege ineffective assistance by either trial or appellate counsel for failing to challenge the instruction. This court found that this ineffective-assistance issue could have been raised, and should have been raised, on direct appeal, and that the issue was forfeited for appellate review. This court affirmed the circuit court's order summarily dismissing the postconviction petition. *People v. McMath*, Nos. 5-09-0296, 5-09-0546 (cons.) (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7    In 2012, the defendant filed a motion for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2012). The successive petition that he sought to file echoed the forfeited argument that he made to this court in his first collateral appeal. It alleged that both trial counsel and direct-appeal counsel provided ineffective assistance by failing to challenge the jury instruction on eyewitness identification, IPI Criminal 4th No. 3.15, an erroneous instruction that deprived the defendant of due process. The defendant again relied on *Herron*, which held that IPI

3

Criminal 4th No. 3.15 was ambiguous and misleading. The circuit court denied the motion for leave to file a successive postconviction petition. The defendant appealed.

¶ 8    On appeal from the denial of leave, the defendant's appointed counsel, OSAD, filed a *Finley* motion to withdraw. This court found that the defendant had failed to show either cause or prejudice, that is, he had failed to show cause for not including the due-process claim in his original postconviction petition and he had failed to show prejudice resulting from the erroneous jury instruction. In regard to prejudice, this court noted that at trial, the defendant was positively identified by three men who knew him, and this court found that their testimonies "clearly showed that the defendant was the shooter." *People v. McMath*, 2014 IL App (5th) 120398-U, ¶ 21. "Even if the correct jury instruction had been given," this court concluded on the issue of prejudice, "the evidence was not so closely balanced that a reasonable trier of fact could have found the defendant not guilty." *Id.* This lack of prejudice also was fatal to the claim of ineffective assistance by trial counsel and direct-appeal counsel for failure to challenge the erroneous jury instruction, this court ruled. OSAD was allowed to withdraw as counsel, and the judgment of the circuit court, denying leave to file a successive petition, was affirmed. *Id.* ¶ 25.

¶ 9    On January 14, 2019, the defendant filed the motion that is the subject of the instant appeal —his (second) motion for leave to file a successive postconviction petition. The successive petition that he sought to file echoed, again, the forfeited argument that he made to this court in his first postconviction appeal. The defendant claimed that his appointed attorney in his first postconviction appeal failed to amend the postconviction petition (the one filed in 2009) so as to allege that trial counsel and direct-appeal counsel were ineffective for failing to challenge the erroneous jury instruction on eyewitness identification, IPI Criminal 4th No. 3.15. The defendant again noted that our Illinois Supreme Court in *Herron* held that IPI Criminal 4th No. 3.15 was

4

ambiguous and misleading. The defendant also noted that instructing the jury with IPI Criminal 4th No. 3.15 was treated as plain error in the *Herron* case. In addition, the defendant argued that direct-appeal counsel was ineffective for failing to raise the issue of the erroneous eyewitness-identification instruction, regardless of whether trial counsel preserved it for review. The defendant prayed for a new trial.

¶ 10    In a written order dated January 16, 2019, the circuit court denied the defendant leave to file a successive postconviction. By way of explanation, the court stated, *inter alia*, that the matters raised were *res judicata*. The defendant now appeals from that denial order.

¶ 11                                    ANALYSIS

¶ 12    This appeal is from the circuit court's order denying the defendant's (second) motion for leave to file a successive postconviction petition. Appellate review is *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50.

¶ 13    As previously noted, the defendant's appointed attorney in this appeal, OSAD, has filed a *Finley* motion for leave to withdraw as counsel, along with a memorandum of law in support of the motion. In its memorandum, OSAD suggests a potential issue on appeal, namely, whether the defendant satisfied the cause-and-prejudice test for the filing of a successive postconviction petition.

¶ 14    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a means whereby a criminal defendant may assert that his conviction resulted from a substantial denial of his federal or state constitutional rights. *Id.* § 122-1(a). The Act contemplates the filing of only one postconviction petition. *Id.* § 122-1(f); *People v. Jones*, 191 Ill. 2d 194, 198 (2000). Where a criminal defendant files an initial postconviction petition, and the circuit court rules on that petition, the ruling has *res judicata* effect with respect to all claims that were raised, and all

claims that could have been raised, in the initial petition. *Jones*, 191 Ill. 2d at 198. "As a consequence, a defendant faces a daunting procedural hurdle when bringing a successive post-conviction petition." *Id.* A defendant must obtain leave of court to file a successive petition, and in order to obtain leave of court, he must satisfy the cause-and-prejudice test. 725 ILCS 5/122-1(f) (West 2016); *Jones*, 191 Ill. 2d at 199. That is, he must show cause by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and he must show prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016). Both elements of the cause-and-prejudice test must be satisfied in order for the defendant to prevail. *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). Unless the defendant satisfies the cause-and-prejudice test, the claims in a successive petition are barred; they will not be considered on the merits. *Jones*, 191 Ill. 2d at 199.

¶ 15    Here—regardless of what else can be said about this appeal—the defendant, in his (second) motion for leave to file a successive postconviction petition, failed to show prejudice. That is, he failed to demonstrate that the claims not raised during his initial postconviction proceedings, all of which concerned the erroneous jury instruction on eyewitness identification, so infected the trial that the resulting conviction violated due process. Indeed, this court already has found that the trial testimonies of the State's eyewitnesses "clearly showed that the defendant was the shooter," and this court already has concluded that "[e]ven if the correct jury instruction had been given, the evidence was not so closely balanced that a reasonable trier of fact could have found the defendant not guilty." *McMath*, 2014 IL App (5th) 120398-U, ¶ 21. The erroneous jury instruction did not badly infect the trial. This conclusion about prejudice is also fatal to all of the various ineffective-

6

assistance claims surrounding the erroneous-instruction issue. Accordingly, the circuit court did not err in denying the defendant leave to file a successive postconviction petition.

¶ 16                                    CONCLUSION

¶ 17    For the reasons stated above, the circuit court did not err in denying the defendant's (second) motion for leave to file a successive postconviction petition. No contrary argument would have merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of the circuit court is affirmed.

¶ 18    Motion granted; judgment affirmed.