NOTICE
Decision filed 02/23/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241266-U

NO. 5-24-1266

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 06-CF-731 |
| | ) | |
| LAQUIZE McMATH, | ) | Honorable |
| | ) | Leah A. Captain, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Cates and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in dismissing the defendant's motion for preservation of evidence for lack of jurisdiction. Because any argument to the contrary would lack merit, this court grants appointed appellate counsel leave to withdraw and affirms the trial court's judgment.

¶ 2    The defendant, Laquize McMath, is serving a 32-year prison sentence for the first degree murder of Larry Townsend Jr. The instant appeal is the defendant's seventh appeal in connection with that murder. Here, he appeals from the trial court's order dismissing, for lack of personal and subject-matter jurisdiction, his motion for preservation of evidence. The defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit and, on that basis, has filed a motion for leave to withdraw as counsel, along with a supporting memorandum of law. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD

1

properly served the defendant with copies of its motion and memorandum. This court granted the defendant ample opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel or why this appeal has merit. However, he has not filed any response. This court has examined OSAD's *Finley* motion and memorandum, the record on appeal, and this court's decisions in the defendant's prior appeals stemming from this case. This court has concluded that the appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the trial court is affirmed.

¶ 3                                    I. BACKGROUND

¶ 4      On May 8, 2006, the defendant shot and killed Townsend at the Private Mathison Manor public-housing complex in Centreville, Illinois. At a jury trial held in June 2007, the defendant testified that he was not even in Centreville the day Townsend was shot; he was in St. Louis, Missouri, visiting his brother. At the request of defense counsel, the jury was instructed on the offense of involuntary manslaughter, in addition to the charged offense of first degree murder. Defense counsel requested an involuntary-manslaughter instruction due to the testimony of a State's occurrence witness, Terrance Wells, that the defendant did not intend to kill Townsend. The jury returned a verdict finding the defendant guilty of first degree murder.

¶ 5      On July 17, 2007, the trial court sentenced the defendant to imprisonment for 32 years, to be followed by 3 years of mandatory supervised release. The defendant filed a timely motion to reduce sentence, but the court denied that motion on August 30, 2007. That same day, the clerk of the trial court, at the defendant's request, filed a notice of appeal from the judgment of conviction.

¶ 6      On direct appeal, this court affirmed the judgment of conviction of first degree murder on April 25, 2008. This court rejected the defendant's claim that his trial attorney had provided him with constitutionally ineffective assistance. *People v. McMath*, No. 5-07-0496 (2008)

2

(unpublished order under Illinois Supreme Court Rule 23). This court issued its mandate on June 4, 2008.

¶ 7    On February 10, 2009, the defendant filed a *pro se* motion for forensic testing. On July 13, 2009, the defendant filed, through an appointed attorney, an amended motion for forensic testing, pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2008)). He requested that fingerprint and DNA testing be performed on a mug found near the decedent. The State filed a motion to dismiss the amended motion for forensic testing. On October 1, 2009, the trial court denied the defendant's motion. The court stated, *inter alia*, "The potential test requested does not significantly advance the defendant's claim of actual innocence." The defendant filed a notice of appeal, thus perfecting the appeal in App. Ct. No. 5-09-0546.

¶ 8    On May 22, 2009, the defendant filed his first *pro se* petition for postconviction relief. The defendant asserted that he was actually innocent of the crime, that three State's occurrence witnesses presented perjured testimony against him, and that his trial counsel failed to call exculpatory witnesses. An affidavit from the defendant's mother accompanied the postconviction petition; it was intended as support for an alibi defense. On June 1, 2009, the trial court found the postconviction petition to be frivolous or patently without merit and it summarily dismissed the petition. The defendant filed a notice of appeal, thus perfecting the appeal in App. Ct. No. 5-09-0296.

¶ 9    This court consolidated the appeals in Nos. 5-09-0296 and 5-09-0546. This court affirmed both the trial court's summary dismissal of the defendant's initial postconviction petition and the court's order denying the amended motion for forensic testing. *People v. McMath*, No. 5-09-0296 (2010) (unpublished order under Illinois Supreme Court Rule 23). These consolidated appeals were the defendant's second and third appeals stemming from the murder case.

¶ 10     On July 5, 2012, the defendant filed a *pro se* motion for leave of court to file a successive postconviction petition, his first such motion. The defendant sought to file a postconviction petition alleging that the trial court had erroneously instructed the jury on what to consider when weighing a witness's identification testimony. On August 24, 2012, the trial court denied the defendant's motion for leave to file. The defendant appealed from the denial order. On appeal, his appointed appellate counsel filed a motion to withdraw as counsel pursuant to *Finley*. In May 2014, this court granted counsel's *Finley* motion to withdraw and affirmed the trial court's judgment. This court determined that the defendant had failed to show cause for not raising the issue in his initial postconviction petition and had failed to show prejudice resulting from the erroneous jury instruction. *People v. McMath*, 2014 IL App (5th) 120398-U. This appeal was the defendant's fourth appeal stemming from the murder case.

¶ 11     On January 14, 2019, the defendant filed another *pro se* motion for leave to file a successive postconviction petition, his second such motion. In his attached proposed successive petition, he again sought to raise the issue of the erroneous jury instruction concerning factors to consider when weighing identification testimony. On January 16, 2019, the trial court denied the defendant's second motion for leave to file. The court stated, *inter alia*, that the defendant had failed to provide a credible explanation for his failure to raise the jury-instruction issue in his initial postconviction petition filed in 2009, and that the issue was *res judicata*. The defendant appealed from the denial order. On appeal, the defendant's appointed appellate counsel filed a *Finley* motion to withdraw. On December 6, 2021, this court granted counsel's *Finley* motion and affirmed the trial court's judgment. *People v. McMath*, 2021 IL App (5th) 190123-U. This was the defendant's fifth appeal.

¶ 12    On March 1, 2022, the defendant filed another *pro se* motion for leave to file a successive postconviction petition, his third such motion. He also submitted his proposed successive petition. The defendant sought to raise a *Brady* violation claim. See *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (defendant's constitutional right to due process is violated where prosecution withholds evidence that is favorable to the defendant and is "material either to guilt or to punishment"). Specifically, he sought to raise a claim that the State withheld from the defense a DVD of a surveillance video taken at or near the crime scene at the time of the shooting.

¶ 13    According to the defendant, he had not viewed the actual surveillance video, but he had read about the video's contents in police reports, and he learned from those reports that the video showed people fleeing from the scene. If the video did not show the defendant fleeing the scene, the defendant asserted, such evidence surely would support his defense that he was not at the scene at the time of Townsend's shooting. The surveillance video could have been used to impeach the State's three occurrence witnesses, and it would have supported the defendant's defense that he was not present at the crime scene at the time of the incident. Therefore he could not have been the one who committed the crime. For cause, the defendant stated that he could not have raised this claim in his initial postconviction proceeding because he was unaware at that time of the surveillance video's existence, and he only became aware of the DVD after submitting multiple Freedom of Information Act (FOIA) requests to the St. Clair County Housing Authority and the Centreville Police Department.

¶ 14    Attached to the defendant's motion for leave was an investigative report from the Illinois State Police (ISP), written by Special Agent D. Fort and dated May 10, 2006, two days after Townsend's murder. The ISP report stated that a Centreville police detective, Kiwan Guyton, had viewed the video surveillance tape, and the tape showed a vehicle, with a particular license plate

number, leaving the area after the shooting. Detective Guyton reported that the car's owner was Terrance Wells. (This court notes that Terrance Wells was one of the State's occurrence witnesses at the defendant's trial.)

¶ 15    Also attached to the motion for leave was a letter, dated July 22, 2021, from the St. Clair County Housing Authority to the defendant, in response to the defendant's FOIA request. The letter stated that the housing authority's records contained correspondence, dated May 10, 2006, from the housing authority's law enforcement liaison officer, T. E. Delaney, to ISP Special Agent Dave Fort, which stated that "a camera video disc from the Private Mathison Manor pertaining to the homicide investigation *** was delivered to the Centreville police detective Kiwan Guyton on May 9, 2006." The housing authority's letter to the defendant also stated that the housing authority's records "contain a computer disc purportedly containing recordings related to the homicide. However, the files were created in DBX format, and we are unable to view the content of the disc."

¶ 16    On May 31, 2023, the trial court entered an order denying the defendant's motion for leave to file a successive petition. The court found the defendant's contention as to cause was not credible. "It is unfathomable," the court stated, "that [trial counsel] would not have obtained a copy of the police report at the time of the original prosecution in this case." The court also determined that prejudice was not shown because "[the defendant] cannot claim that the video surveillance footage is favorable to his case because he has never reviewed it." The defendant appealed from the denial order.

¶ 17    On appeal, appointed appellate counsel filed a *Finley* motion to withdraw. On May 1, 2024, this court granted the *Finley* motion and affirmed the judgment of the trial court. *People v. McMath*, 2024 IL App (5th) 230448-U. This court concluded, *inter alia*, that the defendant's

inability to attach the video to his petition, or to accurately summarize its contents, was fatal to his claim that the State committed a *Brady* violation by failing to turn over the allegedly exculpatory video. *Id.* ¶ 13. Also, the defendant had failed to show cause or prejudice from failing to raise the claim in his initial postconviction petition. *Id.* ¶ 20. As to prejudice, the court found, "there is no reasonable likelihood that the video would have been material to defendant's guilt or innocence. *** At best, it might have offered some partial corroboration of his testimony but would not have conclusively proved that he was not at the scene." *Id.* ¶ 22. This appeal was the defendant's sixth appeal stemming from the case involving Townsend's murder.

¶ 18 On September 22, 2021, the trial clerk file-stamped the motion that is the subject of the instant appeal—the defendant's "Motion for Production and Preservation of Evidence for Viewing" (motion for preservation of evidence). The trial court did not rule on the motion for preservation until October 28, 2024.

¶ 19 The motion for preservation of evidence concerned the same video evidence that was the subject of the defendant's third motion for leave to file a successive postconviction petition. In his motion, the defendant stated that the motion was being brought pursuant to section 116-4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-4 (West 2020) ("Preservation of evidence for forensic testing")). Attached to the motion were two of the same exhibits that had been attached to the third motion for leave to file—the ISP investigative report, dated May 10, 2006, written by ISP Special Agent D. Fort, and the letter from the St. Clair County Housing Authority, dated July 22, 2021, in response to the defendant's FOIA request. For relief, the defendant asked that the trial court order the St. Clair County Housing Authority (1) to preserve the surveillance tape that it had provided to Centreville police detective Kiwan Guyton on May 9, 2006, and (2) to preserve the

correspondence, dated May 10, 2006, from the housing authority's T. E. Delaney to the ISP's Dave Fort.

¶ 20    The defendant's motion for preservation of evidence languished until March 26, 2024, when the defendant filed a "motion to call for hearing." In that motion, he requested a hearing on his motion for preservation of evidence.

¶ 21    On April 5, 2024, the State filed a "motion to dismiss for lack of personal and subject matter jurisdiction." The State stated, "solely for the purpose of objecting to the [c]ourt's jurisdiction and for no other purpose," that the defendant "ha[d] failed to identify the statutory provision under which [his motion for preservation of evidence] ha[d] been filed, such as post-conviction petition, petition for relief from judgment, petition for *habeas corpus*, etc." According to the State, "[f]ailure to designate the statute under which defendant is proceeding" deprived the trial court of subject-matter jurisdiction because "a freestanding motion does not vest the trial court with jurisdiction to consider same." Also, this failure to designate the statutory scheme under which he was proceeding rendered the State incapable of determining whether personal service had been properly obtained against it, and also rendered the court incapable of determining whether it had personal jurisdiction over the State in this matter.

¶ 22    On October 28, 2024, the trial court granted the State's motion to dismiss "for the reasons stated therein." The defendant filed a timely notice of appeal. The court appointed OSAD to represent the defendant on appeal.

¶ 23                                II. ANALYSIS

¶ 24    As previously stated, the defendant's attorney on appeal, OSAD, has filed a *Finley* motion to withdraw as counsel, on the grounds that the instant appeal lacks merit. In the memorandum of law filed in support of its *Finley* motion, OSAD raises the potential issue of whether the trial court

8

properly dismissed the defendant's motion for preservation of evidence due to a lack of jurisdiction to decide the motion on its merits. OSAD concludes that the dismissal was proper, and this court agrees.

¶ 25    Preliminarily, this court notes that it has jurisdiction to decide whether the trial court had jurisdiction. In general, where a trial court lacked jurisdiction, this court still has limited jurisdiction to consider the issue of jurisdiction below. *People v. Bailey*, 2014 IL 115459, ¶ 29. Jurisdictional questions are legal matters subject to review *de novo*. *People v. Marker*, 233 Ill. 2d 158, 162 (2009). This court considers the correctness of the trial court's ruling, not its reasoning, and this court may affirm the trial court's order on any ground apparent in the record. *People v. Johnson*, 208 Ill. 2d 118, 129 (2003).

¶ 26    Jurisdiction is composed of two elements—subject-matter jurisdiction and personal jurisdiction. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). A court must have both subject-matter and personal jurisdiction to enter a valid judgment. If either element is missing, any order entered in the matter is void *ab initio*. *Id.* Subject-matter jurisdiction refers to a court's authority "to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). "Personal jurisdiction is the court's power 'to bring a person into its adjudicative process.' " *M.W.*, 232 Ill. 2d at 415 (quoting Black's Law Dictionary 870 (8th ed. 2004)).

¶ 27    Subject-matter jurisdiction flows from the Illinois Constitution. Trial courts have "original jurisdiction of all justiciable matters" with very few exceptions, none applicable here. Ill. Const. 1970, art. VI, § 9. A decision issued without subject-matter jurisdiction is void. *People v. Arriaga*, 2023 IL App (5th) 220076, ¶ 12. Absent subject-matter jurisdiction, a trial court is limited to dismissing the motion. *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003).

¶ 28　Here, the defendant was sentenced on July 17, 2007. His timely motion to reconsider sentence was denied on August 30, 2007. After 30 days have elapsed following the denial of a motion to reconsider sentence, the trial court's subject-matter jurisdiction is lost. See *id.* at 303. Also on August 30, 2007, a notice of appeal from the judgment of conviction was filed on the defendant's behalf. See Ill. S. Ct. R. 606 (eff. Sept. 1, 2006). With the filing of the notice of appeal, the trial court lost subject-matter jurisdiction to enter additional orders of substance in the case (*People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17), and jurisdiction attached *instanter* to this appellate court (*People v. Bounds*, 182 Ill. 2d 1, 3 (1998)). More than 14 years had elapsed by the time the defendant filed his motion for preservation of evidence. Due to the lateness of the filing, the trial court no longer had subject-matter jurisdiction. All that the trial court could properly do, at that late date, was to dismiss the defendant's motion.

¶ 29　In its *Finley* memorandum, OSAD suggests that the trial court could have treated the defendant's motion for preservation of evidence in a way that would have provided it with jurisdiction, *e.g.*, the court could have treated the motion as a pleading under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). However, OSAD notes that under section 122-1(d) of the Act, a trial court need not evaluate a petition that does not specify it is filed under the Act to determine whether it could otherwise have stated some grounds for relief under the Act. *Id.* § 122-1(d). Therefore, as OSAD concludes, it was not error for the trial court to fail to treat the motion for preservation of evidence as a successive postconviction petition, citing *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010) (a trial court is not obligated to recharacterize a pleading as a postconviction petition, and therefore the court's failure to do so cannot be error). Also, as OSAD states, the content of the motion for preservation of evidence does not permit it to be treated as any other type of motion or pleading that would permit a collateral challenge.

10

¶ 30 The trial court lacked subject-matter jurisdiction over the defendant's motion for preservation of evidence. Because we have determined that the trial court lacks subject-matter jurisdiction, this court finds it unnecessary to consider the issue of personal jurisdiction. See *M.W.*, 232 Ill. 2d at 414.

¶ 31                                    III. CONCLUSION

¶ 32 The trial court did not err in dismissing the defendant's motion for preservation of evidence for lack of subject-matter jurisdiction. Any argument to the contrary would lack merit. Accordingly, this court grants OSAD leave to withdraw as the defendant's appellate counsel and affirms the judgment of the trial court.

¶ 33 Motion granted; judgment affirmed.